## DAVID V. DERICKSON *vs.* WILLIAM WHITNEY & others.

W. & Co. addressed P. in writing in these terms: " Buy such wool as you think best adapted for them who will give us the most for it, paying for the same in drafts on us, sending all the wool to us, and half profits, half per cent. per pound to be allowed you for buying in the country, and we to be paid two and a half per cent. commission for guarantieing sales, and the sales to be made in season to meet payments. We could also wish that you have no operation of the same kind (joint account) with any body else. Transactions of the above named kind to be repeated through the season, as often as may be thought for mutual benefit. P. bought of —— and to be consigned to W. & Co." *Held*, that P., in purchasing wool under this agreement, was either the agent of W. & Co., or a joint contractor with them; and, his nonjoinder not having been pleaded in abatement, that the seller might maintain an action against them for wool so sold.

The payee of a bill of exchange, acceptance and payment of which have been refused, may surrender the bill, and maintain an action on the debt for which the bill was given.

The protest of a bill of exchange for nonacceptance and nonpayment may be proved by the admission of the drawee.

ACTION OF CONTRACT against Whitney & Co. to recover for wool sold by the plaintiff to them.

At the trial in the court of common pleas before *Perkins*, J., the plaintiff gave in evidence a written agreement addressed by the defendants to Ziba Parkhurst, in the following terms : " Take the $1,000 and acceptance four to six months, get the money for it, and use it to the best advantage, and then proceed to buy, say 25,000 lbs. of such wool as you may think best adapted for them who will give us the most for it, paying for the same in drafts on us at four to six months, sending all the wool to us, and half profits, half per cent. per pound to be allowed you for buying in the country, and we to be paid two and a half per cent. commission for guarantieing sales, and the sales to be made in season to meet payments. We recommend straightforward work, avoiding all transactions that would be at all likely to lead to litigation. Interest to be computed at the New York rate, seven per cent. And we could also wish that you have no operation of this same kind (joint account) with any body else ; in order that we may have the full benefit of your

undivided attention and knowledge in the wool trade. Trans-
actions of the above named kind to be repeated through the
season, as often as may be thought for mutual benefit. Mr.
Z. P. bo't of ——, and to be consigned to Wm. W. & Co."

The plaintiff proved that Parkhurst, pursuant to this agree-
ment, purchased the wool sued for, and delivered to the plaintiffs
therefor in Pennsylvania a draft on the defendants in Boston.
The plaintiff also introduced a letter, written to him by the
defendants more than a fortnight after the day of payment
expressed in the draft, in which they informed him that their
reason for not accepting the draft was that all the wool did not
reach them. And the plaintiff brought the draft into court, and
delivered it up.

The defendants requested the judge to instruct the jury that
the giving of the draft by Parkhurst, and its reception by the
plaintiff, *prima facie* merged in the draft the original cause of
action ; that, if the plaintiff had been guilty of any negligence
in giving notice to all parties liable of the nonacceptance and
nonpayment of the draft, he could not recover upon the original
consideration ; that the testimony of the notary was the only
proper evidence of the protest ; and therefore the plaintiff could
not recover.

But the judge declined so to rule ; and instructed the jury
that it was not necessary, on the part of the plaintiff, to produce
the notary who protested the bill, to prove the due present-
ment, protest and notice to all parties ; but that the letter
written by the defendants to the plaintiff was evidence from
which the jury would be justified in inferring all the present-
ment and protest necessary to be shown in the case ; inasmuch
as Parkhurst was to be regarded either as a mere agent, draw-
ing on his principal ; or, if more, then a joint contractor, drawing
on his co-contractor, in a transaction in which he was jointly
interested ; and that the original consideration was not so merged
in this draft as to prevent the plaintiff from recovering in this
action upon his declaration on the original consideration, if the
jury were satisfied that the draft was refused acceptance and
payment ; the same having been brought into court and deliv-

ered up. The jury found for the plaintiff for the whole amount claimed, and the defendants alleged exceptions.

*G. E. Betton*, for the defendants.

*J. G. King*, for the plaintiff.

THOMAS, J. There can be no doubt that Parkhurst was either the agent of Whitney & Co. in making the purchase, the defendants being the principals; or that he was a joint contractor with them in such purchase.

The latter seems to us the true construction of the contract. The funds were furnished by Whitney & Co.; such wool is to be purchased as will be best adapted for those buying of them; the wool is to be sent to them; Parkhurst to be allowed half profits, and one half per cent. per pound for buying in the country; Whitney & Co. to be paid two and a half per cent. commission for guaranty, and nothing for sales; Whitney & Co. request Parkhurst to have no operation of this same kind, "joint account," with any body else; transactions of the above named kind to be repeated, as often as may be thought for mutual benefit. The form given at the end for bills of sale is of little moment. It cannot change the substance of the agreement between the parties.

If Whitney & Co. and Parkhurst were jointly liable for the purchase, and Parkhurst was not joined in the suit, the nonjoinder, if the defendants would avail themselves of it, must be pleaded in abatement. This they have not done.

Parkhurst gave to the plaintiff, at the time of the purchase, a draft or bill on Whitney & Co. for the purchase money. This was a means of payment; the presumption is, that it was intended as such. But what was intended as the means of payment was not a written request to Whitney & Co. to pay the plaintiff, but a draft accepted by them.

It was not accepted nor paid; and if it was duly presented for acceptance and payment, and duly protested, such failure, it seems to be conceded, remits the plaintiff to his original remedy for the goods sold. The plaintiff has produced the original draft, and put it into the case. His mere possession of the draft, unexplained, would be *prima facie* evidence that it had not been paid.

The plaintiff also produced a letter, dated some days after the maturity of the draft, from the defendants to him, stating the reason why they did not accept. The defendants contended that the only legal evidence of the protest was the evidence of the notary himself on the stand, and all other evidence less than this was insufficient. The presiding judge ruled that the letter would be evidence from which the jury might infer the necessary presentment and protest. This was but saying, the written admission of a party was competent evidence to prove a fact. We may venture to say, that is good law.

*Exceptions overruled.*