RAUB *v.* NISBETT.

1. ACCOUNT STATED—INSTRUCTIONS—HARMLESS ERROR.
    An instruction that one to whom a statement of account was rendered was bound to raise objections to its accuracy within a reasonable time, and that 30 days would be a reasonable time for such purpose, is not prejudicial, as limiting him to 30 days as a matter of law, where no distinct error in the account in question is shown, and the only evidence of objection within a period of three years relates to the day after the account was rendered.

2. SAME—EVIDENCE—BOOKS OF ACCOUNT—ADMISSIONS.
    Testimony that one to whom a statement of account was rendered examined the book from which it was taken, and made no objection to its correctness, renders the book competent as an admission against him.

Error to Mecosta; Palmer, J. Submitted June 15, 1898. Decided September 27, 1898.

Samuel F. Raub presented a claim against the estate of

Stephen S. Wilcox, deceased. The claim was disallowed
by the commissioners, and claimant appealed to the circuit
court. From a judgment for the estate (William P.
Nisbett, administrator), claimant brings error. Affirmed.

   *Frank Dumon* and *M. Brown*, for appellant.
   *L. G. Palmer* and *C. H. Thrall*, for appellee.

MONTGOMERY, J. This case has once been before the
court, and for a statement of the case we refer to our de-
cision on the former hearing, reported in 111 Mich. 38.
On a second trial of the case at the circuit, a verdict was
rendered for the estate, the jury finding an account stated.
The case is now before us for review of rulings made on
this trial.

   In December, 1890, the deceased rendered an account of
sales and expenditures to claimant. The deceased con-
tinued to reside at Big Rapids until October 1, 1891, when
he removed to West Superior, Wis. He returned to Big
Rapids on one or more occasions for a visit before his
death, which occurred in March, 1893. It was a matter
of dispute whether the claimant objected to the account
from the time it was rendered up to the time of the death
of Mr. Wilcox. The claimant testified that he did object
to the statement to Fred Wilcox, son of deceased, the
next day after it was furnished. Fred Wilcox, on the
other hand, testified that he rendered the statement to the
claimant, and that no objection was made to it, except
that he (claimant) thought some of the shingles were sold
too low. On this trial the claimant's demand rested upon
the theory that all the shingles were not accounted for.
The claimant's counsel assign error upon an instruction of
the circuit judge as follows:

   "When the account was rendered, it was the duty of
the man to examine the account, and if he did not under-
stand it, or raised any objection to it, within a reasonable
time he should have stated his reasons to the party who
rendered the account. Now, 30 days would be a reason-

able time. And if he retained the account longer than a reasonable time in which to make the objection, and made no objection to it, then the law implies an assent on his part, and both parties are bound. He impliedly said, by not objecting, 'The account is correct, and I acquiesce in the statement.'"

It is contended that the court instructed the jury that 30 days was a reasonable time, as matter of law, and it is contended that what would be a reasonable time to object to the account was a question for the jury. This instruction may not have been strictly accurate. We do not find it necessary to hold that the retention of an account rendered for 30 days without complaint will in all cases, as matter of law, constitute such account an account stated. But in this case, if the testimony of claimant was accepted, he objected to the account promptly. If it was to be rejected, there was no evidence of any objection during the lifetime of Mr. Wilcox, a period of nearly three years, nearly one year of which time both parties were residents of the same town. This certainly affords a very strong presumption of the accuracy of the account, and, when taken in connection with the fact that no distinct error in the account was shown, should be held controlling. 1 Am. & Eng. Enc. Law (2d Ed.), p. 451, note 5, p. 452, note 1.

A book of account of deceased was admitted in evidence. It is contended that the proper foundation was not laid. It is in evidence, however, that the statement above referred to was taken from the book; that, at the time the statement was rendered, the claimant sat down with book and statement, and looked the book through. This testimony rendered the book competent as in the nature of an admission.

Examination of the record convinces us that no error was committed to the prejudice of claimant.

The judgment will be affirmed.

The other Justices concurred.