[No. 6982.  Decided February 10, 1908.]

JOHN MERRILL, *Respondent*, v. THOMAS O'BRYAN,
*Appellant*.[1]

PARTNERSHIP—AUTHORITY OF PARTNER—SCOPE OF BUSINESS. The
purchase of lumber by a transportation copartnership, operating
steamers on the Yukon river, is within the scope of the authority
of one of the resident managing partners, although the company did
not do a trading business, where the lumber was used by the part-
nership in the construction of a warehouse to be used in its business.

APPEAL—REVIEW—FINDINGS—QUESTIONS OF FACT. Whether the
act of a partner is within the scope of his employment is a question
of fact, and a finding thereon will not be disturbed if the evidence is
sufficient to sustain it.

EVIDENCE—DECLARATIONS OF PARTNER—AUTHORITY. Upon a sale
of lumber to a nontrading partnership, the declaration of the part-
ner making the purchase that the lumber was to be used, and was
used, to build a warehouse for the company's business is not inad-
missible, but is a fact concerning the business, which may be shown.

CONTINUANCE—GROUNDS—SURPRISE. Surprise from unexpected
evidence, as ground for a continuance, is not shown where, three
months before the trial, an affidavit, used by stipulation as a deposi-
tion, apprised the party that the fact testified to would arise at the
trial.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered March 4, 1907, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract. Affirmed.

*P. D. Hughes* and *Fenley Bryan*, for appellant.
*Peters & Powell*, for respondent.

HADLEY, C. J.—This· is an action to recover the contract
price of a quantity of lumber and a small amount of building
paper. The amount sought to be recovered is $5,890. The
action was brought by the vendor of the lumber against

[1]Reported in 93 Pac. 917.

Thomas O'Bryan, Edward M. Sullivan, and L. E. J. Davis, co-partners under the firm name of Dawson and White Horse Navigation Company. The defendant O'Bryan is the only member of the partnership who was served with summons or who appeared in the action. The contract of sale was made with the defendant Sullivan at St. Michaels, Alaska, in September, 1901, and the lumber was delivered into his charge at that time and place. He delivered to the plaintiff a draft on the Canadian Bank of Commerce for the payment of $5,-890, upon condition expressed in the draft that the lumber and paper, an invoice of which was attached to the draft, should arrive at Dawson, Yukon Territory, on or before November 1, 1901. The draft was signed: "Dawson & White Horse Nav. Co., per E. M. Sullivan, Manager." It was presented to said bank about July 1, 1902, and payment was refused. Meantime the lumber did not arrive at Dawson before November 1, 1901, or at all, for the reason that Sullivan used it in the construction of a warehouse at St. Michaels. The defendant partners were the owners of steamers plying the Yukon river, and were at that time engaged in the transportation of freight up and down said river between Dawson and St. Michaels.

The defendant O'Bryan, who appeared and defended, admits that Sullivan was a member of the partnership at the time he bought the lumber, but claims that as such partner he had no authority to purchase the lumber in behalf of the partnership, for the reason that the partnership was a nontrading one and existed for the purpose of carrying on a transportation business only. The court tried the cause without a jury and rendered a judgment in favor of the plaintiff for the full amount with interest against the partnership, enforcible against the joint property of the partners and against the separate or any property of the defendant O'Bryan. Defendant O'Bryan has appealed.

The court found that the sale was made to the partnership through the defendant Sullivan, a member of the firm; that

it was agreed that, in the event the lumber was not trans-
ferred to Dawson on or before November 1, 1901, then pay-
ment for it should be made on July 1, 1902; that it was not
transferred to Dawson for the reason before stated, and that
the warehouse erected at St. Michaels by the use of the ma-
terial was for the partnership, and to enable defendants to
house and store such freight as might come into their posses-
sion at St. Michaels consigned to points up the Yukon river,
and which should come into their possession after the closing
of navigation by the ice. We think the findings are justified
by the evidence.

It is contended that the authority of Sullivan to bind the
firm was not shown, in that it appeared that the partnership
existed for a transportation business only, and that he was
therefore not authorized to purchase lumber or other material
for trading purposes. There was, however, no evidence to the
effect that the purchase was made for trading purposes, and
it was certainly within the scope of the partnership business
to purchase lumber for some purposes. The partnership op-
erated three steamers upon the Yukon river and handled a
large amount of freight. The use of lumber for the con-
struction of warehouses at terminal points or en route, for
the housing of freight, or its use in the construction of barges,
scows, or small boats, or in repairing the steamers, was cer-
tainly within the scope of the business of such a partnership,
and this material was in fact used to construct a warehouse
at a terminal point. Sullivan was at St. Michaels looking
after the business of the partnership, and considering the
nature and scope of the business as above stated he, as a part-
ner, was a principal and had actual authority to purchase the
lumber. He also had apparent authority to bind his part-
ners. So far as third persons who deal with a partner with-
out notice are concerned, the copartners are bound if the
transaction be such as the public may reasonably conclude is
directly and necessarily embraced within the partnership busi-

27—48 WASH.

ness as being incident or appropriate to such business accord-
ing to the course and usage of conducting it.  *Heirn v.
M'Caughan,* 32 Miss. 17, 66 Am. Dec. 588; *Pahlman v.
Taylor,* 75 Ill. 629; *Todd v. Jackson,* 75 Ind. 272; *Seaman
v. Ascherman,* 57 Wis. 547, 15 N. W. 788; 22 Am. & Eng.
Ency. Law (2d ed.), 141, 142.

In the case of *Alley v. Bowen-Merrill Co.,* 76 Ark. 4, 88
S. W. 838, 113 Am. St. 73, it was held that a partner in a
nontrading partnership may effectually bind his partners by
an act apparently within the scope of the partnership.
Whether the act of a partner is within the scope of his au-
thority is a question of fact to be determined by the court or
jury trying the facts.  *Dowling v. Exchange Bank of Bos-
ton,* 145 U. S. 512, 12 Sup. Ct. 928, 36 L. Ed. 795.  The
fact in this regard having been determined by the trial
court against the partnership, and the evidence in the record
being, as we believe, sufficient to sustain the finding, we shall
not disturb it.

It is insisted that the court erred in admitting in evidence
the declaration of Sullivan to the effect that he would use,
and did use, the lumber to build the warehouse.  It is true
the authority of an agent is not established by proof of his
own declarations, but in this case the fact of the partnership
and the general nature of its business were admitted, and the
declarations of the partner that he did a specific act which act
was clearly within the actual or apparent scope of the part-
nership business, was not a declaration as to his authority as
an agent, but was the mere statement or admission of a fact
concerning partnership transactions.  As such the testimony
was admissible against all the partners.  22 Am. & Eng. Ency.
Law (2d ed.), 140; *Griswold v. Haven,* 25 N. Y. 595, 82
Am. Dec. 380; *Coleman v. Pearce,* 26 Minn. 123, 1 N. W.
846.

Some contention is made that appellant was surprised by
respondent's evidence tending to show the necessity for build-

ing the warehouse, and that the court erred in not granting the continuance at the trial for that reason. We think the point is not well taken. The trial was had in June, 1906, and appellant introduced in evidence the affidavit of Davis, one of the partners, which was, by consent, used as a deposition. The affidavit was subscribed in March, nearly three months before the trial, and it denied that the lumber was used to erect a warehouse by authority of the partnership. It is therefore manifest that appellant anticipated that the question of the necessity for the warehouse would arise at the trial, and he was not in position to claim such surprise upon that subject as justified a continuance.

The judgment is affirmed.

FULLERTON, RUDKIN, CROW, MOUNT, and DUNBAR, JJ., concur.