FRANKLIN et al. v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. PARTNERSHIP—EVIDENCE—DECLARATIONS OF PARTNERS.

On an issue of the existence of a partnership, the declaration of one party that another is his partner is not competent to establish the partnership, nor does such declaration, for that purpose, become admissible after prima facie evidence of the existence of the partnership has been given, but such declaration becomes admissible, where prima facie evidence has been given of the partnership's existence simply to bind the partnership, assuming its existence can be found solely from other evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 69.]

2. TRIAL—INSTRUCTIONS—PURPOSE OF EVIDENCE.

It was error not to instruct, though appropriate requests were made, that evidence of the declaration of one party that another was his partner was not competent to establish the partnership, and that such declaration did not become admissible for that purpose after prima facie evidence of the partnership's existence had been given, but was only admissible to bind the partnership, assuming its existence could be found solely from other evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 498.]

Appeal from Trial Term.

Action by William B. Franklin and another against Joseph H. Hoadley and another, impleaded with Cyrus Field Judson. From a judgment for plaintiffs and an order denying a new trial, defendants appeal. Reversed, and a new trial ordered.

See 115 App. Div. 538, 101 N. Y. Supp. 374.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, LAUGHLIN, and CLARKE, JJ.

J. S. L'Amoreaux, for appellant Hoadley.

Alton B. Parker (Anson McCook Beard, on the brief), for appellant Leiter.

Edmund L. Mooney (John A. Garver, on the brief), for respondents.

LAUGHLIN, J. On a former appeal herein the majority of this court, in reversing a judgment against these same appellants, held, among other things, that, where the existence of a copartnership is

in issue, one partner may testify concerning the formation of the partnership, but that neither the admissions nor declarations of an alleged partner are competent evidence on the question of the existence of the copartnership, but that, after prima facie evidence of the existence of the copartnership has first been adduced, such admissions and declarations in the course of the copartnership business are admissible and binding on the copartners. Franklin v. Hoadley, 115 App. Div. 538, 101 N. Y. Supp. 374. Two of the justices of this court dissented upon the ground that such admissions or declarations. were not admissible where the copartnership was disputed even after prima facie evidence of the existence of the copartnership had been presented. Mr. Justice Houghton, in writing the prevailing opinion, after stating the rule as above, said:

"Nor is there any difficulty in the practical application of this rule. It often happens in the trial of an action that it is necessary to instruct the jury that they must first determine a particular fact before considering evidence bearing on another issue in the case, and by instructing them in a case like the present that from the evidence aliunde the partnership relation must first be determined, before considering the evidence of the acts and declarations of the proven partners, no injustice will be done and no evidence pertinent to the one issue only will be improperly considered as bearing upon an issue to which it does not relate. The plaintiffs having made prima facie proof of the partnership, and legally sufficient proof of that fact to raise a fair question for the jury, the evidence of the acts and declarations of the proven partners while engaged in the proven partnership business came within the rule which we have stated, and was competent and properly received. The declaration of Judson to the plaintiffs when he gave his order to buy stock that Hoadley and Leiter were partners with him, and that he was buying it for the partnership, was properly received after the prima facie proof of partnership had been given, not only because it was a communication in connection with the alleged partnership business, but as showing with whom plaintiffs contracted, and to whom they gave credit. Even if there was a partnership, Judson could buy stock individually, as well as for the partnership account. If the plaintiffs trusted him as an individual being advised or knowing he was also a partner with others, they could not hold the partnership even if it existed, and the evidence was competent at least for the purpose of showing to whom credit was given. Judson's declaration that he was buying it for the partnership could not establish the partnership; but, if the partnership was established by other proof, the evidence was material at least in determining whether the plaintiffs dealt with the partnership or with Judson alone. Rogers v. Murray, 110 N. Y. 658, 18 N. E. 261. The case is one of magnitude, necessarily occupying much time in its trial. It is with the hope of relieving the retrial of some of its burdens that we have gone beyond giving our reasons for reversing the judgment, and have elaborated the rule respecting a large class of evidence pertinent to the action."

On the last trial our decision in this regard was not followed, and whether the omission was owing to the failure of counsel to draw the attention of the trial court to the points decided and the views expressed by this court on this particular question, or through the inadvertence of the trial judge, is immaterial; for in either event a new trial must be granted.

The action is brought upon the theory that these appellants and the other defendant, Judson, entered into a copartnership for the purpose of forming a pool for the purchase and sale of International Power stock. The existence of the copartnership was denied, and that be-

came the principal issue on the last, as well as on the former, trial. Upon the last trial evidence of declarations made by the defendant Judson which, if true, tended to show the existence of the copartnership, was received. Similar evidence given on the former trial gave rise to the discussion of this question in the opinion delivered on the former appeal. Under the decision of this court on the former appeal, this evidence was properly received after the existence of the copartnership was shown by other competent evidence. The court, however, in the main charge failed to instruct the jury as suggested in our opinion with respect to the materiality and bearing of this testimony. At the close of the charge counsel for the appellant Leiter requested the court to instruct the jury as follows:

"The jury cannot consider declarations of Judson to plaintiffs or either of them as binding upon the defendant Leiter until the jury finds from other evidence than those declarations that a partnership existed between the three defendants on the 29th day of April, 1902."

Also that:

"Judson's declarations to the plaintiffs or either of them cannot establish the existence of the partnership. The jury must first find from other evidence that a partnership existed on April 29, 1902, between the three defendants. If you do not so find, your verdict must be in favor of defendant Leiter."

The action of the court on each of these requests was "refused, except as charged." The jury had received no instructions on this point. Counsel for appellant Leiter duly excepted to the refusal of the court to charge as requested. Similar requests were made by counsel for appellant Hoadley; the language of the requests being as follows:

"The existence of a pool or copartnership cannot be proved by the admission or declaration of one that others are or were partners with him. Such evidence is incompetent, and cannot be considered for the purpose of establishing the pool of copartnership."

"The jury cannot consider the declarations of Judson to plaintiffs, or either of them as binding upon the defendant Hoadley, until the jury finds from other evidence than those declarations that a partnership existed between the three defendants on the 29th day of April, 1902."

These requests were refused without any qualification, and counsel for appellant Hoadley duly excepted. The decision of this court on the former appeal entitled the appellants to have the jury instructed as requested by these requests, and the failure so to do clearly constituted prejudicial error.

It follows that the judgment and orders should be reversed and a new trial granted, with separate bills of costs and disbursements to the appellants to abide the event.

HOUGHTON, J., concurs.

McLAUGHLIN, J. (concurring). Where the existence of a partnership is in issue, the declaration of one party that another is his partner is not competent to establish the partnership. Nor do such declarations, for that purpose, become admissible after prima facie evidence of the existence of the partnership has been given. The existence of the partnership cannot be strengthened, fortified, or bolster-

ed up in this way. All that is meant by the authorities and text-books in saying that such declarations become admissible when prima facie evidence has been given of the partnership is that they may be received for the purpose of binding the partnership, assuming, of course, its existence can be found solely from the other evidence. And, whenever such issue is presented at a trial before a jury, then specific instructions should be given to this effect. Here the jury was not so instructed, though appropriate requests were made by each of the appellants, which were refused and exceptions taken.

For these reasons, as well as those assigned in my opinion on the former appeal, and upon the authorities there cited (Franklin v. Hoadley, 115 App. Div. 538, 101 N. Y. Supp. 374), I vote that the judgment be reversed and a new trial ordered.

INGRAHAM and CLARKE, JJ., concur.