P. HOFFMASTER SONS CO. *v.* HODGES.

1. STATUTE OF FRAUDS — PROMISE TO ANSWER FOR ANOTHER'S DEBT—PARTNERSHIP.

   Where defendant held himself out as a partner with his co-defendant, there was no occasion for the application of the statute of frauds with respect to defendant's liability for a debt created by his co-defendant on partnership account.

2. PARTNERSHIP—FIRM DEBTS—BUSINESS—SCOPE.

   Though there is no implied power on the part of one partner to enter into contracts outside of the scope of the business without the assent of the other partners, the question what is within the scope of the business is frequently a question of fact.

3. SAME—FIRM BUSINESS—SCOPE—EVIDENCE—JUDICIAL NOTICE.

   The court cannot take judicial notice that carpets, napkins, curtains, thread, pins, and other articles of dry goods, may not be useful in the customary furnishing and ornamenting of a hotel.

4. SAME—PURCHASES BY PARTNER—PURPOSE.

   Where goods proper for use in the business were supplied on partnership account to the wife of one of a firm conducting a hotel, the use to which she put them after purchase did not fix the character of the transaction, or bind the seller, she having had authority to buy for the firm, and the seller having no notice of the real purpose of the purchases.

5. SAME—RATIFICATION.

   In an action against partners for the price of goods supplied to the wife of one of them on partnership account, evidence examined, and *held,* that whether the other partner ratified the transaction was a question for the jury.

6. ACCOUNT STATED—EVIDENCE—SUFFICIENCY.

   Whether defendant was liable as on an account stated, *held,* a question for the jury, in view of repeated sending of statements of the account by mail, and conversations respecting the account in which no objection was raised.

7. APPEAL AND ERROR—RIGHT TO ALLEGE ERROR.

   Where counsel representing defendants sued as partners stated
   154 MICH.— 41.

that there was no question as to the liability of one of them, the other cannot complain that the trial court instructed the jury to render a verdict as to that one in any event, leaving to their consideration only the liability of the defendant contesting the suit.

Error to Calhoun; North, J.  Submitted October 12, 1908.  (Docket No. 23.)  Decided November 30, 1908.

Assumpsit by P. Hoffmaster Sons Company, Limited, against Carlton A. Hodges and Frank E. Halladay, copartners as Hodges & Halladay, for goods sold and delivered.  There was judgment for plaintiff, and defendants bring error.  Affirmed.

*Hilliard G. Lyle* (*Joseph T. Schiappacasse*, of counsel), for appellants. .

*Burritt Hamilton*, for appellee.

Plaintiff, a mercantile partnership association, brought suit in justice's court against the defendants to recover a balance due for goods sold and delivered, and recovered a judgment for $157.20.  On appeal to the circuit court the plaintiff again recovered a like judgment.  The account began April 18, 1899, and continued until September 18, 1903.  The total amount was $637.92, upon which there had been paid $480.72.  Accounts were rendered from time to time and sent to the defendants, who were running a hotel under the firm name of Hodges & Halladay.  The defendant Halladay and his sister, Mrs. H. G. Lyle, owned the hotel.  About the time the account was opened, the hotel was being repaired and furnished, and it is claimed by plaintiff that defendant Halladay then went to plaintiff and requested them to sell goods to the defendants on an open account.  Mr. Hodges was the manager of the hotel; Mrs. Hodges attending to the purchase of the material required in furnishing and carrying it on.  The amount and price of the goods sold are not disputed. . The defense is:  That part of the goods

were purchased for the sole use of Mrs. Hodges and her daughter, were not within the scope of the partnership business; that defendant Halladay did not know of these purchases and never ratified them; that therefore the firm is not responsible for them, and these items amount to more than the balance due. Defendant Halladay upon the trial also denied the partnership. His own testimony, however, established the fact that he held himself out as a partner, and that the business of the hotel was conducted under the name of Hodges & Halladay. He also knew that the goods were being purchased of the plaintiff in the firm name. The several issues of fact were submitted to the jury, who found for the plaintiff.

GRANT, C. J. (*after stating the facts*). The following issues of fact were submitted to the jury:

(1) Were the defendants actual partners?

(2) If not, did defendant Halladay hold himself out as a partner?

(3) Did defendant Halladay verbally promise to pay for the goods if defendant Hodges did not, and thus bring the case within the statute of frauds?

(4) Were the goods purchased within the scope of the partnership business?

(5) If they were not, was the purchase ratified by the defendants?

(6) Was there an account stated?

The court might with propriety have eliminated the first three issues from the consideration of the jury. Defendant Halladay did hold himself out as a partner. The defendants executed and published an announcement of a dissolution of the firm about the time this suit was commenced. There was therefore no controversy over defendant Halladay's liability as a partner, and no room for the application of the statute of frauds.

As to the fourth issue, the defendants claim that the articles in dispute were not, as a matter of law, within the scope of the partnership business, and that the court should so have instructed the jury. It is true that there

is no implied power on the part of one partner to enter into contracts outside of the scope of the business without the assent of the other partners. Mechem on Partnership, § 165, where are found illustrations of the rule. What is within the scope of the business is more frequently a question of fact. Mechem on Partnership, § 166. In this case the defendants were engaged in furnishing and carrying on a hotel during the time covered by this account, extending over a period of about three years. Various things are required for the use of a hotel. This account covers carpets, napkins, curtains, thread, pins, and many other articles of dry goods of various kinds. Courts cannot take judicial notice that these things may not be useful in the customary furnishing and ornamenting of a hotel. One of the items involved is a carpet, an article very proper for use in a well-regulated hotel. The question is not to be determined by what the purchaser saw fit to do with the goods after they were purchased. This would not bind the plaintiff or fix the character of the purchase. *Kritzer* v. *Sweet*, 57 Mich. 617. The wife of defendant Hodges was called as a witness by the defendants, and she testified that she purchased some of these things for her personal use and that of her daughter; but the record fails to show that she so informed the plaintiff. She was authorized by the defendants to purchase things for the hotel. This question therefore was properly submitted to the jury.

As to the fifth question, there was evidence showing: That statements of the account were repeatedly sent by mail to Hodges & Halladay; that they were received; that no objection was ever made to them; that some of the disputed items were among the first articles purchased; that Mr. Hoffmaster, one of the plaintiffs, saw Mr. Halladay and told him the character of the goods Mrs. Hodges was buying, and asked him about it, and Mr. Halladay replied: "That is all right;" that he also told Mr. Halladay that he had no personal account with Mr. or Mrs. Hodges, and that, "if he (Halladay) did

not want them to run it in that way, he would stop them
trading that way on this (the firm) account." Under
these circumstances, the question of ratification became
one for the jury. It follows from the facts above
stated that the question of an account stated was prop-
erly submitted to the jury. *Raub* v. *Nisbett*, 118 Mich.
248; *Pabst Brewing Co.* v. *Lueders*, 107 Mich. 41;
*Armitage* v. *Saunders*, 94 Mich. 482.

One other question remains. Error is assigned upon
the instruction of the court directing the jury to render a
verdict against Mr. Hodges in any event, leaving to their
consideration only the liability of the defendant Halladay.
It is urged that the defendants were sued on a joint liabil-
ity as partners, and therefore a several judgment could
not be entered. Counsel cite authorities in support of this
proposition. We find it unnecessary to discuss the ques-
tion. This point was made upon a motion for a new trial.
Upon determining that motion the court said:

"There was no dispute about the liability of Mr.
Hodges, and this fact was repeatedly stated, * * *
particularly by defendants' counsel in his argument."

Counsel appeared for both defendants, and, if he made
this concession, he cannot now complain. The finding of
the circuit judge is conclusive upon this point.

Judgment is affirmed.

Blair, Hooker, Moore, and McAlvay, JJ., con-
curred.