## MENZIE v. WOLFF et al.

### (Supreme Court, Appellate Term. December 22, 1909.)

**1. PARTNERSHIP (§ 49*)—EVIDENCE—DECLARATIONS.**

On the issue of the existence of a partnership, declarations by one that another is his partner is inadmissible.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 69; Dec. Dig. § 49.*]

**2. PARTNERSHIP (§ 216*)—PLEADING—VARIANCE—PARTNERSHIP.**

Under a complaint to recover the price of a horse because of misrepresentation, alleging that defendants were partners, and that the sale and the false representations were made by them, to which a general denial was interposed, plaintiff cannot recover on the theory of the individual liability of the only party served as for his own wrong.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 418; Dec. Dig. § 216.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Clara Menzie, administratrix, against Armand Wolff and others, copartners, doing business under the style of Wolff Bros. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Jacob Levy (Jacob Langsam, of counsel), for appellants.

Charles B. McLaughlin, for respondent.

GIEGERICH, J. The action is brought to recover the purchase price of a horse alleged to have been sold by the defendants to the plaintiff's intestate under false and fraudulent representations.

The complaint alleges that the defendants were partners at the time of the transactions, and that the sale and the false representations were made by them. The answer was a general denial. The appellant was the only one of the defendants who was served with the summons or appeared in the action. The only evidence that the appellant was a partner in the firm of Wolff Bros. consisted of declarations to that effect made by one of the other defendants. This testimony was objected to by the appellant and an exception taken to its admission. Of course, its reception was error. Franklin v. Hoadley, 126 App. Div. 687, 111 N. Y. Supp. 300.

It is urged, however, that, as the false representations were made by the appellant himself, he is personally liable in damages whether he was a partner of the defendants, as the plaintiff claimed he was, or merely their employé, as he claimed to be, and that consequently the judgment ought not to be disturbed. But the difficulty is that the plaintiff's case proceeded throughout on the theory of a partnership relation between the defendants, and the defendant chose to rest, as he had a right to do, upon the proposition that there was no partnership. This was a complete answer to the plaintiff's case as it was pleaded and as it was presented at the trial. If the plaintiff had pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceeded on the theory of an individual liability, it may be that another defense would have been offered.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.