(November 14, 1923.)

BOISE PAYETTE LUMBER COMPANY, a Corporation, Respondent, v. JULES SARRET and J. M. STEVENS, Doing Business as a Copartnership Under the Firm Name and Style of SARRET & STEVENS, Appellants.

[221 Pac. 130.]

PARTNERSHIP—IMPLIED AGENCY — EVIDENCE — DECLARATIONS OF PART-NER—SCOPE OF PARTNERSHIP BUSINESS—QUESTION OF FACT—PUR-CHASES BY PARTNER—TESTIMONY OF GENERAL CUSTOM.

1. A partner is an agent of the firm in all matters within the scope of the partnership business.

2. When a partnership is admitted, the admissions or declarations of a partner relating to matters within the scope of the partnership business are admissible against the firm.

3. What is within the scope of a partnership business is generally a question of fact.

4. In order to determine whether purchases made by a partner were within the scope of the partnership business, testimony that such articles are ordinarily and usually purchased by persons engaged in such business, for use in connection therewith, is admissible.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action against partnership for purchase price of merchandise sold to partner in firm name. Judgment for plaintiff. *Affirmed.*

D. D. Mote, for Appellant J. M. Stevens.

It is necessary to prove the existence of a partnership before conversations or admissions of one partner, in the absence of other partners, are binding. (*Willoughby v. Hildreth,* 182 Mo. App. 80, 167 S. W. 639; *First Nat. Bank v. Leland,* 122 Ala. 289, 25 So. 195; *Smith v. Ferrario,* 113 Ga. 872, 39 S. E. 428; *Gardner v. Northwestern Mfg.*

*Co.*, 52 Ill. 367; *Smith v. Southern R. Co.*, 89 S. C. 415, 71 S. E. 989; 20 R. C. L. 848; *Vanderhurst v. DeWitt*, 95 Cal. 57, 30 Pac. 94, 20 L. R. A. 595; *Lewin v. Barry*, 15 Colo. App. 461, 63 Pac. 121; *Union Nat. Bank v. Underhill*, 102 N. Y. 336, 7 N. E. 293; 30 Cyc. 409, 523.)

In the case of a nontrading partnership, the burden of showing agency is said to be on the one who seeks to hold the partnership, and he should show either express authority, that the contract concerned something necessary to the business, or that usually in such partnerships a partner has such authority. (1 Rowley, Modern Law of Partnership, p. 488; 30 Cyc. 587, 588.)

It is for the jury to determine whether the merchandise furnished was such as is ordinarily used in the sheep business rather than to permit a witness to state his conclusion, especially where it is not a matter for expert testimony. (*Weller & Co. v. Camp*, 169 Ala. 275, 52 So. 929, 28 L. R. A., N. S., 1106; *Columbia Valley Trust Co. v. Smith*, 56 Or. 6, 107 Pac. 465.)

John W. Jones and Guy Stevens, for Respondent.

The partnership's existence being admitted, the conversations and admissions of Sarret to Royce, the manager of the plaintiff, concerning the transaction were admissible. (*Franklin v. Hoadley*, 126 App. Div. 687, 111 N. Y. Supp. 300; *Willoughby v. Hildreth*, 182 Mo. App. 80, 167 S. W. 639; 20 R. C. L. 848.)

"What is within the scope of a partnership business is generally a question of fact." (*Hoffmaster Sons Co. v. Hodges*, 154 Mich. 641, 118 N. W. 484; *McPherson v. Bristol*, 122 Mich. 354, 81 N. W. 254; *Alley v. Bowen-Merrill Co.*, 76 Ark. 4, 113 Am. St. 73, 88 S. W. 838.)

It was proper for the court to permit the witness to testify, after he was shown to be qualified, whether the materials furnished were such as were ordinarily bought and used by persons engaged in the sheep business. (*Merrill v. O'Bryan*, 48 Wash. 415, 93 Pac. 917; 20 R. C. L. p. 885, par. 96.)

WM. E. LEE, J.—This is an appeal by J. M. Stevens from a judgment in favor of respondent and against Sarret & Stevens, a copartnership. It appears from the record that, during the years 1919 and 1920, certain goods, wares and merchandise, consisting of lumber, fence posts, barbed wire, nails, corrugated iron, paint, coal, etc., were sold and delivered by respondent to the firm of Sarret & Stevens, a copartnership engaged in the business of raising and selling sheep. The purchases were made by Sarret in the name of the copartnership. It does not appear that appellant Stevens was informed that the purchases had been made until some time thereafter when respondent presented him with a statement and requested payment. Appellant refused to pay for the merchandise so purchased, and respondent thereupon instituted this action to recover the purchase price thereof together with legal interest to the date of judgment.

In the complaint, it is alleged that appellant and Sarret were "engaged in business as a copartnership" and were "doing business as such copartnership under the firm name and style of Sarret & Stevens, the said copartnership being composed of the said Jules Sarret and J. M. Stevens." Sarret defaulted. Appellant answered denying the material allegations of the complaint, but admitting that the defendants were "engaged in one business venture as a copartnership in the running, raising and selling of sheep, and that such copartnership, for that purpose, was conducted under the name and style of Sarret & Stevens . . . . " The cause was tried to the court and a jury. At the close of plaintiff's evidence, appellant moved for a nonsuit, which was denied. No evidence was offered on the part of appellant, and a motion was made by him for a directed verdict, which motion was also denied. The jury returned a verdict for plaintiff, upon which the court entered judgment, from which this appeal is taken.

The evidence showed that Sarret went to respondent's place of business at Blackfoot and told its local manager that he wanted to purchase some materials for Sarret &

Stevens, that they were in partnership in the sheep business, and that they needed the materials for building sheds, fences, etc., on a ranch operated by the partnership. Respondent thereupon sold and delivered the materials for the payment for which this action was instituted. At the time the first purchase was made, Sarret also stated to respondent's local manager, according to the testimony, that he had talked with appellant about paying for the materials.

Appellant insists that the fact of partnership could not be proved by testimony of conversation with Sarret, in appellant's absence. Appellant is correct in his contention (20 R. C. L. 923, sec. 137; *Shaw v. Jones, Newton & Co.*, 133 Ga. 446, 66 S. E. 240; *Smith v. Ferrario*, 113 Ga. 872, 39 S. E. 428), but it has no application here inasmuch as appellant admitted in his answer that he and Sarret were partners in the sheep business. The conversations with Sarrett purported to relate only to this sheep business, and did not include any wider scope than that embraced in the admissions in the answer. Were it not for the admission of the partnership in the answer, the testimony of conversations with Sarret, in the absence of appellant, as to the existence of the partnership would have been inadmissible. The fact of the partnership being admitted, however, the statements of Sarret that he wanted the merchandise for use by the partnership in its sheep business were admissible. (*Franklin v. Hoadley*, 126 App. Div. 687, 111 N. Y. Supp. 300; 20 R. C. L. 848, sec. 53.)

Another point raised by appellant is that, since the partnership was limited to the sheep business, Sarret could not bind him by any contract not relating to that particular business, and that respondent was deemed to have knowledge of the limited nature of the partnership and the fact that its operations were restricted to the single business of raising and selling sheep. It is fundamental that when one deals with a member of a partnership in a matter not within the scope of the business conducted by the partnership, he will be held to have dealt with such partner purely in his capacity as a private individual, even though the

partner deals under the firm name. (*Livingston v. Roosevelt,* 4 Johns. (N. Y.) 251, 4 Am. Dec. 273; *Standard Wagon Co. v. Few & Co.,* 119 Ga. 293, 46 S. E. 109.) It is important, therefore, to determine whether the subject matter of the contract of sale related to the business of raising, buying and selling sheep, the nature of the partnership admitted by appellant, i. e., whether the contract was within the scope of the business being conducted by the partnership. Whether the materials purchased were such as are ordinarily used in the sheep business was, under the pleadings in this case, a question of fact for the jury. (*Hoffmaster Sons Co. v. Hodges,* 154 Mich. 641, 118 N. W. 484.)

Appellant contends that it was for the jury to determine whether the materials furnished were such as are ordinarily used in the sheep business, and that it was not proper to permit a witness to state that such materials are ordinarily used in such business. The witness who testified in this connection said that he had, for the past fifteen years, sold merchandise to people engaged in the business of raising and selling sheep, and was familiar with the nature and character of the articles purchased by such people for use in their business. The burden was on respondent to prove that the purchases made by Sarrett were made within the scope and course of the particular business which appellant admitted was conducted by the partnership, and to do this, we see no reason why it was not proper to prove that sheepmen generally purchase and use such materials in carrying on their business. But appellant insists that the question was so simple that it could have been determined by the jury without the aid of opinion evidence. Whether the jury impaneled in this case was familiar with the materials used by sheepmen in their business was a matter within the peculiar knowledge of the trial court. We cannot presume that the members of that jury were so well acquainted with the sheep business as to know the nature of the purchases usually made by those engaged therein, and since it was necessary that the jury pass upon that

point, it would seem that evidence of the fact necessary to be established was properly admitted.

"In order to determine the apparent scope of the authority of a partner, recourse may frequently be had to past transactions indicating a custom or course of dealing peculiar to the firm in question or to the general custom of parties and firms similarly situated and circumstanced." (20 R. C. L. 885, sec. 96.)

It appearing, therefore, that the materials were such as are ordinarily purchased by men engaged in the business in which appellant admitted the partnership was engaged, the partnership was liable for the purchase price of such materials. (Burdick on Partnership, 2d ed., 185; 1 Rowley on Partnership, sec. 413; *McPherson v. Bristol*, 122 Mich. 354, 81 N. W. 254; *Hoffmaster Sons Co. v. Hodges*, 154 Mich. 641, 118 N. W. 484; *Alley v. Bowen-Merrill Co.*, 76 Ark. 4, 113 Am. St. 73, 6 Ann. Cas. 127, 88 S. W. 838; *Porter v. Wilson*, 113 Ind. 350, 15 N. E. 676; *Merrill v. O'Bryan*, 48 Wash. 415, 93 Pac. 917; *First Nat. Bank v. Spangler*, 49 Cal. App. 133, 192 Pac. 874; *Coggeshall v. McKenney*, 114 S. C. 1, 103 S. E. 30.)

Finding no error in the record, and it appearing that there is sufficient evidence to sustain the verdict of the jury, the judgment appealed from is affirmed, with costs to respondent.

McCarthy and Dunn, JJ., concur.