Points Decided.

(March 16, 1927.)

M. W. RUSSELL, Appellant, v. BOISE COLD STORAGE
COMPANY, a Corporation, S. D. SMITH, OLIVE E.
SMITH, and MAX N. SMITH, as Directors and Trus-
tees of the NORTHWESTERN FRUIT AND PROD-
UCE COMPANY, a Defunct Corporation, Respond-
ents.

[254 Pac. 797.]

JOINT ADVENTURES—LIABILITY ON PRIVATE CONTRACT—SCOPE OF BUSI-
NESS—APPEAL AND ERROR—FINDINGS OF COURT—CONFLICTING EVI-
DENCE—WHEN NOT DISTURBED.

1.  Joint adventurer is not liable in connection with private con-
tract by other party to joint adventure entered into for his in-
dividual benefit, where joint adventure contract contained clause
excluding deals made by either party independently and without
aid of the other, and third person dealing with joint adventure
had knowledge thereof.

2.  Relation of joint adventurers is quite similar to that of
partners, and question of what is within the scope of such busi-
ness is generally one of fact.

3.  Finding of trial court on conflicting evidence that deal
for which liability of joint adventure was asserted was separate,
and not connected therewith, will not be disturbed on appeal.

APPEAL from the District Court of the Third Judicial
District, for Ada County.  Hon. Dana E. Brinck, Judge.

Action on contract.  Judgment for plaintiff in part and
for Boise Cold Storage Company, defendant, in part.  *Af-
firmed.*

Publisher's Note.
    2.  See 15 R. C. L. 500.
    3.  See 2 R. C. L. 204.

    See Appeal and Error, 4 C. J., sec. 2855, p. 883, n. 33.
    Joint Adventures, 33 C. J., sec. 99, p. 872, n. 33; sec. 109, p. 874,
n. 71.

Reddoch & Hunter, for Appellant.

The respondent, the Boise Cold Storage Company, and the Northwestern Fruit & Produce Co., under the contract, were engaged in a joint adventure for which both parties thereto were jointly and severally liable for all obligations incurred in furtherance of the joint enterprise. (*Quarles v. Kendrick Mercantile Co.*, 16 Ala. App. 486, 79 So. 160; *Leake v. City of Venice*, 50 Cal. App. 462, 195 Pac. 440; *Bloom v. McPhee & McGinnity Co.*, 26 Colo. App. 256, 143 Pac. 825; *Slater v. George M. Clark & Co.*, 68 Ill. App. 433; *Standard Drilling Co. v. Slate*, 203 Ky. 599, 262 S. W. 969; *Cleveland Paper Co. v. Courier Co.*, 67 Mich. 152, 34 N. W. 556; *Benners v. Harrison*, 19 Barb. (N. Y.) 53; *Jones v. Gould*, 209 N. Y. 419, 103 N. E. 720; *O. K. Boiler & Welding Co. v. Mennetonka Lumber Co.*, 103 Okl. 226, 229 Pac. 1045; *Smith v. Burton*, 59 Vt. 408, 10 Atl. 536.)

C. E. Winstead and Aston S. Peake, for Respondents.

Appellant had knowledge of the exception clause of the contract and his recovery hereunder is limited to the exceptions and conditions contained in such contract. (33 C. J. 871, 872.)

The Northwestern Fruit & Produce Co. could not bind its associate, the respondent Boise Cold Storage Company, by contracts for its individual benefit. (*Lawrence v. Streeter*, 130 Minn. 64, 153 N. W. 126.)

The evidence relative to the Idaho Products Co. account being conflicting as to the facts, and there being substantial evidence supporting the findings of fact by the trial court, the findings and decree entered in accordance therewith will not be reversed. (*Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383; *Syster v. Hazzard*, 39 Ida. 580, 229 Pac. 1110; *Singh v. McKee*, 38 Ida. 656, 225 Pac. 400.)

GIVENS, J.—The Northwestern Fruit and Produce Company, party of the first part, and the Boise Cold Storage

Company, party of the second part, entered into a joint adventure contract, the material portion of which is as follows:

"In consideration of the payment of one ($1.00) dollar each to the other, and in consideration of the second party advancing sufficient money for buying and handling of fruit and produce and operating warehouses, the first party agrees to share with the second party one-half ($\frac{1}{2}$) of the net earnings of the first party for the season of nineteen hundred and twenty (1920), after a salary of eighteen hundred ($1800) dollars for the season, to be paid to the Manager, and other legitimate expenses have been deducted.

"It is understood that this agreement does not include joint account deals made by the parties hereto, nor is it intended to include deals made by either parties independently and without the aid of the other."

Thereafter and in furtherance of this contract Max N. Smith, manager of the Northwestern Fruit and Produce Company, employed appellant to operate fruit warehouses and packing plants at Kuna and Nampa upon certain terms and conditions.

While there are several minor points of dispute they all hinge upon and merge into the single ultimate point which is determinative of the issues and involves the question of whether the packing of apples and prunes for the Idaho Products Company at Nampa was a joint deal, the services being performed for the Boise Cold Storage Company and the Northwestern Fruit and Produce Company together under the terms and provisions of the contract above quoted, or whether it was a separate transaction on the part of the Northwestern Fruit and Produce Company.

Appellant sued in his amended complaint on the contract above set forth between the Northwestern Fruit and Produce Company and the Boise Cold Storage Company, and testified he had knowledge of it at the time he was employed; thus appellant is not only charged with knowledge that the contract contained an exception clause allowing the parties to enter into private deals, but that he had actual knowl-

edge is in effect admitted by appellant in his testimony as to another deal which he concedes was a private one of the Northwestern Fruit and Produce Company, and he specifically alleges the balance due did not include work in the excepted class.

As stated in appellant's brief, the contract of employment being clearly established (and it was) the only issue remaining is whether or not appellant's employment (in making the pack for the Idaho Products Company) was within the scope of the joint adventure of the two corporations.

[1] If the contract with the Idaho Products Company was not a joint adventure but a private one, and for the individual benefit of the Northwestern Fruit and Produce Company, the Boise Cold Storage Company is not liable in connection therewith. (33 C. J. 872.) (See as to the opposite of such an excepting clause, *Derickson v. Whitney*, 72 Mass. (6 Gray) 248; also *Secor v. Law*, 22 N. Y. Super. Ct. 163.)

From the record it appears that the officers of the Boise Cold Storage Company were never apprised of any contract between the Idaho Products Company and the Northwestern Fruit and Produce Company, and specifically denied that they entered into it in any way or that it was made as under the joint agreement.

[2] The relation of joint adventurers is quite similar to that of partners, and the question of what is within the scope of such business is generally one of fact. (*Boise Payette Lumber Co. v. Sarrett*, 38 Ida. 278, 221 Pac. 130.)

[3] The evidence was conflicting, but there was substantial evidence supporting the finding of the trial court that it was a separate deal, and such finding and the conclusions drawn and decree entered in accordance therewith will not be disturbed. (*Syster v. Hazzard*, 39 Ida. 580, 229 Pac. 1110; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383; *Singh v. McKee*, 38 Ida. 656, 225 Pac. 400; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662.)

The judgment of the trial court is ordered affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.