[No. 38926.   Department One.   March 14, 1968.]

HARRY L. CUMMINGS *et al., Respondents,* v. JOHN NORDMARK
*et al., Appellants.*\*

*Cartano, Botzer & Chapman* and *Robert A. O'Neill,* for appellant.

*Ferguson & Burdell* and *Jerry Greenan* for respondents.

WEAVER, J.—This is an action by plaintiffs for judgment for the reasonable value of architectural services performed by them in designing a "Sports Building" in Overlake Park, Redmond, Washington, pursuant to a written contract dated March 12, 1962. The contract was signed  .

> John L. Nordmark
> General Partner
> John Nordmark and Associates.

Mr. Nordmark was the sole general partner of defendant "John Nordmark and Associates," a limited partnership formed to purchase a 35-acre tract of land known as the Svihla property. The certificate of limited partnership provided:

> The character of the business is the acquisition for investment only, and not for development except for rental purposes, of real property in King County, Washington.

\*Reported in 438 P.2d 605.

Defendant, "N.W.C. and Associates," is the same limited partnership as "John Nordmark and Associates"; the name was changed subsequent to the acts giving rise to the cause of action in the instant case.

Overlake Park, Inc., owned the land on which the sports building was to be constructed. This, however, was not known to plaintiffs. Mr. Nordmark was a director of the corporation.

He was also the sole general partner of a limited partnership known as "Overlake Shopping Center Associates." Its purpose was to "acquire, hold, vote, and manage 56.5% of the stock of Overlake Park, Inc., a Washington corporation."

Although separated by other property, the Svihla tract is quite near the property owned by Overlake Park, Inc. One of the plaintiffs testified that he knew that John Nordmark and Associates were "dealing in the Overlake Park area," and that "they did have land at that point." He testified further that Mr. Nordmark "had been 'Mr. Overlake Park' for many years." Mr. Nordmark had furnished to plaintiffs, during the time they were working upon the project, various plans and layouts, including a detailed sketch of suggested landscaping of the property prepared by landscape architects for "J. Nordmark Assoc.—Overlake Park Sports Center."

The trial court found as a fact that Mr. Nordmark's authority to contract for architectural services was within his apparent authority as the general partner of John Nordmark and Associates; was apparently within the nature of the business, as characterized by the certificate of limited partnership; and that plaintiffs had the right to rely upon the fact that Mr. Nordmark, as the sole general partner, had authority to enter into the contract on behalf of John Nordmark and Associates.

The reasonableness of plaintiffs' charges is not contested. The court entered judgment against N.W.C. Associates (formerly John Nordmark and Associates) with interest from the date of demand to the date of judgment.

N.W.C. and Associates appeal. They make five assignments of error, three to findings of fact and two to conclusions of law.

■ Defendants-appellants assign error to a finding of fact and to a conclusion of law that the amount due to plaintiffs is a liquidated amount upon which plaintiffs are entitled to interest from date of demand. These assignments are not argued in defendants'-appellants' brief. We do not consider them; we assume they have been abandoned. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962); *Frey v. Kent City Nursing Home, Inc.*, 62 Wn.2d 953, 958, 385 P.2d 323 (1963).

A general partner in a limited partnership has all the rights and powers and is subject to all the restrictions and liabilities of a partner in a partnership without limited partners. RCW 25.08.090; 40 Am. Jur. *Partnerships* § 510.

RCW 25.04.090 provides:

(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

■ In *Merrill v. O'Bryan*, 48 Wash. 415, 93 Pac. 917 (1908), this court said:

So far as third persons who deal with a partner without notice are concerned, the copartners are bound if the transaction be such as the public may reasonably conclude is directly and necessarily embraced within the partnership business as being incident or appropriate to such business according to the course and usage of conducting it. . . .

. . . Whether the act of a partner is within the scope of his authority is a question of fact to be determined by the court or jury trying the facts. *Dowling v. Exchange Bank of Boston*, 145 U.S. 512, 12 Sup. Ct. 928, 36 L. Ed. 795. The fact in this regard having been deter-

mined by the trial court against the partnership, and the evidence in the record being, as we believe, sufficient to sustain the finding, we shall not disturb it.

The facts in the record of the instant case sustain the trial court's finding and conclusion that plaintiffs were entitled to rely upon Mr. Nordmark's apparent authority to enter into the contract under consideration. The circumstances meet the test of *Merrill v. O'Bryan, supra.*

The judgment is affirmed.

FINLEY, C. J., ROSELLINI and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.