## Maffet & Rhoads *versus* Leuckel.

1. Where at the time of obtaining a loan, the reason for the loan, and the uses to which it was to be applied, were distinctly stated to be for a partnership, and it was so understood by both borrower and lender, and the money was, in fact, so used, the inference is a fair one that the advance was on the credit of the partnership.

2. A. loaned to B. a certain amount taking therefor B.'s individual note. B. stated at the time the note was given that the money was to be expended for the purposes of a firm of which he was a partner, and it was so expended. A. brought suit against the firm to recover the amount. *Held*, that A. could show these facts, and that he had relied upon the firm for repayment, and thereby fix the liability of the firm.

March 2d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Luzerne county :* Of July Term 1878, No. 18.

Assumpsit by F. Leuckel against W. R. Maffet and W. T. Rhoads, late partners as Maffet & Rhoads, for a sum alleged to be due to plaintiff by the firm.

The case was referred to a referee, G. R. Bedford, Esq., who

[Maffet *v.* Leuckel.]

reported the facts as follows: " That the defendants, during the year 1866, were partners engaged in building a section of the Lehigh and Susquehanna Railroad; that upon the 27th day of November 1866, W. T. Rhoads, one of the defendant firm, applied to the plaintiff for $200, representing that he wished the same for the purpose of paying the men in the defendants' employ, and thereupon the said amount was advanced by the plaintiff, and the sum was used by Rhoads for the purpose mentioned, he giving the plaintiff a note, of which the following is a copy:

' $200.                     Mauch Chunk, Pa., Nov. 27th 1866.
  ' One day after date, I promise to pay to the order of F. Leuckel, at the First National Bank of Mauch Chunk, $200, without defalcation, for value received.                     W. T. RHOADS.' "

The referee in his report, inter alia, said: " That a note given by one partner for a debt of the firm is not an extinguishment of the original debt, unless so agreed when the note was given, is too well settled to admit of argument. The burden of proof is upon the defendant to show that the note was taken in payment and satisfaction, and not as collateral security. See Mason *v.* Wickersham, 4 W. & S. 100; Tams *v.* Hitner, 9 Barr 441–8.

"As the referee conceives, it makes no difference, in principle, whether the debt is an antecedent one or one that is created at the time the security is given. It is true that it has been held that if a partner borrow money and give his own security for it, it does not become a partnership debt by being applied to partnership purposes. It is treated as the discount of a note, and not the loan, and hence is not affected by the subsequent use to which the money is applied. See Graeff *v.* Hitchman, 5 Watts 454. But the presumption of the advance on the credit of the individual partner may be rebutted; and where, as in this case, at the time of obtaining the money, the reason for the loan and the uses to which it was to be applied were distinctly stated, and were understood by both the lender and the borrower, and the money was in fact so used, the inference is a fair one that the advance was on the credit of the partnership."

The referee was therefore of opinion: " That, though the defendant firm are not liable on the note as such, yet they are responsible under the money counts, and hence that the plaintiff is entitled to recover in this action the amount mentioned in said note, with interest from the 27th day of November 1866."

Exceptions were filed to the report of the referee, which the court dismissed, and confirmed the report, when the defendants took this writ.

*A. Ricketts*, for plaintiffs in error.—Parol evidence cannot be

[Maffet *v.* Leuckel.]

received to contradict, vary or alter an instrument of writing, where there is no allegation of either fraud, accident or mistake in the making of it: Harbold *v.* Kuster, 8 Wright 392, and cases cited.

Where a partnership is known, and one partner borrows a sum of money and gives his own note for it, it does not become a partnership debt, even though the money be applied to partnership purposes; and the lender cannot recover against the firm, either upon the note, or on account for money had and received: Graeff *v.* Hitchman, 5 Watts 454.

*H. W. Palmer* and *John Lynch*, for defendant in error.—The intention with which the money was given and accepted is a matter of fact, which was found by the referee: Mason *v.* Wickersham, 4 W. & S. 100. The burden of proof was on the defendant below to show that the note was taken in payment and satisfaction, and not as collateral security: James *v.* Hitner, 9 Barr 441. It makes no difference in principle that the debt is an antecedent one or one that is created at the time the security is given: Graeff *v.* Hitchman, 5 Watts 454; Hoskinson et al. *v.* Eliot et al., 12 P. F. Smith 393.

The judgment of the Supreme Court was entered March 22d 1880,

PER CURIAM.—There was nothing in the form of the note produced in evidence to preclude the plaintiff from showing that it was given for a partnership debt—that it was not accepted in satisfaction, but merely as collateral security. It matters not that the making of the note was cotemporaneous with the partnership debt. On the facts found by the referee, we are of opinion that the judgment was right.

Judgment affirmed.