94  261
95  312

Case 40—PETITION ORDINARY—April 8.

## Carter v. Mitchell, Ass'ee.

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

WHERE THE NAME OF ONE OF SEVERAL MEMBERS OF A FIRM IS SIGNED TO A NOTE, THE FIRM MAY BE HELD LIABLE on the note upon parol proof that all the members of the firm assented to the signing of the note in this way in order to raise money for the firm, and that credit was given to the firm. Therefore, in an action against the firm upon such a note indorsed by the firm it is immaterial whether such steps were taken as were necessary to hold the members of the firm liable as indorsers, they being liable as makers.

GEO. L. HUSBANDS FOR APPELLANT.

The indorsement of the name of Bowers & Carter on the note fixed their liability as assignors if it was a simple promissory note, or as indorsers if it had been placed on the footing of a foreign bill of exchange; and to admit parol testimony of any other liability is to change that evidenced by the indorsement. (Macklin v. Crutcher, 6 Bush, 401.)

The case of Smith v. Turner's Adm'r, 9 Bush, 417, distinguished.

J. C. FLOURNOY FOR APPELLEE.

It is a question of fact, and not of law, whether the individual note of one

partner was an individual or a firm obligation, where that point is in issue; and the court in this case properly submitted the question to the jury. (Owing & Co. v. Trotter & Scott, 1 Bibb, 157; Macklin's Ex'or v. Crutcher, 6 Bush, 401; Smith v. Turner, 9 Bush, 417; Spalding, &c., v. Wilson & Muir, 80 Ky., 595.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted by R. A. Mitchell, as assignee of the Fulton Bank, against C. T. Bowers and the firm of Bowers & Carter, on a note executed to the bank for five thousand dollars on the 18th of March, 1890, and payable six months after date. The note is signed by C. T. Bowers and indorsed by the firm of Bowers & Carter. The blank indorsement was filled up by a promise to pay on the part of the firm, if not paid at maturity. John Carter, a member of the firm, is, by an appropriate pleading, denying the right of the cashier to fill up the blank, and in the determination of this case, we will consider the writing as it was indorsed originally by the firm. Carter's defense is that the note was the debt of Bowers; that there was no protest of the paper, and that the firm of Bowers & Carter indorsed the paper as assignor only, and is not liable for the debt.

By amended pleadings, it is alleged that the debt was primarily that of the firm; the money borrowed for firm purposes, placed to the firm's credit and checked out by Carter to pay the firm debts; that the paper was drawn in the manner suggested by the cashier at the time, and a mortgage taken on some land of Bowers as security, the firm being in no condition to offer, or at least not offering, other surety on the paper.

The testimony, it seems to us, is conclusive of the

fact that it was a firm debt, and the proceeds of the note, except a small sum, appropriated by Carter, the appellant here, by his checks on the bank, to pay the firm debts. The bank had been honoring their paper, and the note for five thousand dollars was to enable them to pay off debts then in bank already due and other debts owing by the firm. Carter's testimony is to the effect that this was a borrowing by Bowers to enable him to furnish his part of the capital for the proper conduct of the firm's business, but this view of the case is repelled by the letters of Carter written after the note fell due, recognizing his obligation to pay, and in fact is contradicted by every fact and circumstance connected with the transaction.

It is insisted, however, that the writing speaks for itself, and to make this a firm debt, is to change the nature of the obligation it imposes on the parties to it. The case of Macklin's Executor v. Crutcher, reported in 6 Bush, 402, is relied on as sustaining this contention. In that case Macklin & Ferguson were partners in cultivating cotton, Ferguson acting as manager of the plantation. Ferguson purchased some mules, stating at the time they were for the use of the plantation, and executed his individual note for the price. Macklin having died, his executors were sued on the note. The plaintiff alleges that the stock was used on the plantation, and that the name of the firm was " *W. F. Ferguson.*" The averments of the petition were controverted, and upon the hearing it appeared that Ferguson bought mules on his own account, and that the firm name was Macklin

& Ferguson, and no authority had been given Ferguson to bind Macklin in any other way than under the firm name ; that he had never ratified the notes or offered to pay them. This note did not purport to bind Macklin or the firm, and it may be that, in the entire absence of any proof authorizing the firm name to be signed as Ferguson signed it, with no testimony showing a ratification or approval by Macklin of the right of Ferguson to make the firm liable in that mode, the proper remedy was an action against the firm on the original consideration for the sale and delivery of the mules for the use of the firm, and upon the credit of the firm. Such was the decision in Macklin v. Crutcher, and that case is not in conflict with the view taken of this case in the trial below. In the overruled case of Hikes v. Crawford & Long, 4 Bush, 19, it was held that a note signed by one of the partners made it a firm obligation if the note or its proceeds was used for the firm ; and this is no longer the law, for in that case the partner sought to be made liable never assented to its execution in that mode, or ratified the act of his co-partner.

In the present case, when this note was executed, both of the partners were present, and both not only represented that the note was a partnership transaction, but the proceeds were to be used for partnership purposes, and were, in fact, applied in that way by Carter; the appellant, who is now resisting the recovery on the ground that the paper fixes the liability of the parties ; and while that is generally so, the rule does not apply to a case where one partner signs a

paper on the representation to the bank or the lender that it is for the partnership, and the other partner present assents to the signing for that purpose—that is, to enable the partnership to get the money. It is immaterial, therefore, whether the firm name was on the note as obligors or indorsers. The instrument was executed for the firm and in the presence of both members, and the proceeds used for that purpose, and so declared by both partners when the money was obtained.

The liability of partners upon paper signed by one in the name of the firm arises from an implied consent or authority to use the firm name for that purpose; and if there is an express assent by all the members of a firm that the name of one individual member shall be used, and not that of the firm, to raise money for the use of the firm, we see no reason why the partnership is not liable when the credit is given to the firm.

This paper was drawn up to answer the purposes of the firm, and if there had been no indorsement by the firm, but the paper signed only by Bowers, Carter consenting thereto, and the bank letting out its money on the credit of and to the firm, evidenced by the note signed in that manner, the firm would be liable; and to make it stronger, they place on the back of the note the firm name, and say to the cashier, we want this money for firm purposes, and upon the faith of these statements the proceeds are placed to the firm's credit. The name of Bowers gave no additional strength to the paper. The firm was composed of two persons only, Bowers and Car-

ter, and the mortgage given by Bowers was to secure the firm debt, not the individual debt of Bowers.

The instructions properly presented the case to the jury, and the verdict and judgment is sustained by the testimony. Affirmed.