BECKWITH *v.* MACE.

1. PARTNERSHIP—PURCHASE BY PARTNER—AUTHORITY—EVIDENCE —ADMISSIBILITY—RIGHT TO SUE FIRM.

Where a declaration against a partnership for property sold to it contained a special count alleging the partnership, the holding out of one of the partners as manager, with authority to promote the business of the firm, and his purchase of the property on the firm's behalf, it was competent to show a holding out of the partner as authorized to act for the firm in the transaction.

2. Same—Evidence—Sufficiency.

    In an action against a partnership for goods purchased by a partner, evidence considered, and *held*, that the question of the partner's authority to buy the goods for the firm was for the jury.

3. Same—Declarations of Partner.

    Though the authority of an agent cannot be proved by his declarations, where a partnership is sued for the price of goods sold to it, evidence of the declaration of an alleged partner who bought the goods, made at the time of the purchase, that he bought them for the firm, is admissible as a part of the res gestæ, as showing the nature of the contract actually agreed on.

4. Same—Liability for Goods Bought by Partner.

    The fact that a partner buying goods for the partnership gave his individual note for the price does not prevent the seller from recovering the price from the partnership which had the benefit of the transaction.

Error to Oceana; Russell, J. Submitted April 6, 1905. (Docket No. 36.) Decided May 12, 1905.

Assumpsit by Alanson Beckwith against L. Stowell Mace, Robert H. Lanyon, and John S. Huey, copartners as the Stony Lake Resort Company, for goods sold and delivered. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*F. E. Wetmore*, for appellant.

*Wallace Foote*, for appellees.

Hooker, J. The defendants' counsel admitted, upon the trial of this cause, that his clients constituted a syndicate formed to exploit a summer resort called the "Stony Lake Resort," and sell lots. The testimony showed that, in furtherance of that design, defendant Mace was manager, and one Barnes superintendent upon the ground, and that a dock was made at the lake, some clearing and other work done, and that the time of the men was kept by

Barnes, under whose supervision they worked. They were given orders by Barnes, which were paid sometimes by Huey, if not by the other defendants. The action is brought by the plaintiff to recover the price of a team and other property which he claims to have sold to the defendants as a copartnership. The deal was made with Mace, who gave his personal note for the purchase price. Plaintiff sought to prove that the defendants were copartners, and that Mace stated at the time of the purchase that he was buying the property for the copartnership; but the court was of the opinion that he had produced no proof of copartnership authorizing such purchase, and excluded the statements of Mace upon the ground that his copartners could not be bound thereby. A verdict being directed for the defendants, the plaintiff has appealed.

The declaration contained a special count alleging the copartnership, the holding out of Mace as manager of its business, with authority to promote the business of the firm, and his purchase of the team on its behalf. The common counts were added, with a copy of the note. Under the special count, it was competent to show authority or a holding out of Mace as one authorized to act for the copartnership in this transaction. It was shown beyond dispute that he was one of the copartners, and there was testimony tending to show that he was the active manager of its affairs, and was so recognized by his copartners. There was also testimony tending to show that the copartnership contemplated more than the mere sale of lots; that it engaged in cleaning up the ground, building a dock, and other things that required the employment of help and the use of a team; that the team in question was used by the copartnership; and that it afterwards claimed to own the team through a purchase from Mace. These circumstances were sufficient to make a case for the jury upon the question of authority.

Plaintiff's counsel were not permitted to show that Mace declared at the time the team was purchased that he was buying it for the firm, and that the plaintiff sold it to the

firm. This appears to have been upon the theory that it was not competent to thus prove plaintiff's authority to bind the firm as its agent, or to show that the act was within the scope of his authority, by his declarations, under the generally accepted doctrine that the authority of an agent cannot be proved by his declarations. It was competent to prove the transaction; to ascertain whether the purchase was understood by the parties to be one made by Mace on his own behalf, or for a firm. Whether there was a firm, and whether Mace had authority to act for it, would perhaps affect the validity of his attempt to bind others, but the evidence offered was admissible to show the nature of the contract actually agreed upon. It was part of the res gestæ, and should have been admitted.

That copartners may be bound by a written contract signed by one of them, see *Barcroft, George & Co.* v. *Haworth,* 29 Iowa, 462; *Seekell* v. *Fletcher,* 53 Iowa, 330; *Stecker* v. *Smith,* 46 Mich. 14; *Hopkins* v. *Thomas,* 61 Mich. 394, and cases there cited; *Michigan Savings Bank* v. *Butler's Estate,* 98 Mich. 381; *Whitla* v. *Butler's Estate,* 99 Mich. 53.

Defendants' counsel invokes a rule applicable to nontrading partnerships, alluded to in the case of *McPherson* v. *Bristol,* 115 Mich. 258. We are of the opinion that there is nothing in that case inconsistent with plaintiff's right to have the questions hereinbefore mentioned submitted to the jury, viz., whether Mace had authority to purchase the team for the firm, and whether he did so, whether they accepted it, and had the benefit of the transaction.

We do not overlook the point that verbal testimony is inadmissible to vary the terms of a written instrument. The action is not alone upon the note. The authorities hereinbefore cited show that the execution of an individual note by one joint debtor does not preclude recovery of the debt represented by the note against two or more who had the benefit of the transaction, and upon whose behalf the contract was made. The case of *Coote* v. *Bank of U. S.,*

3 Cranch (U. S.), 95, relied upon by defendants' counsel, seems to recognize this, in the following language:

" His right as a partner is only to represent the firm and to act in the name of the firm.    As an individual he has no authority over the partnership effects.    If he acts avowedly in his individual character, everybody knows that he cannot bind the firm; and every person who deals with him ostensibly in his individual character, if he would charge the firm with his acts, must take upon himself the burden of proving that, notwithstanding appearances to the contrary, he was acting for and on behalf of the firm, and for their account and benefit."

This is what the plaintiff has sought to do in this case, and he offered evidence which entitled him to go to the jury upon the question.

Several assignments of error were discussed by counsel. Some of them, involving the introduction of hearsay testimony, are not meritorious.    Others are sufficiently covered by what has been said, and we think it unnecessary to discuss them in detail.

The judgment is reversed, and a new trial ordered.

CARPENTER, MCALVAY, GRANT, and MONTGOMERY, JJ., concurred.