C. C. MILLS, *Appellee*, v. E. P. RIGGLE, *Appellant*, and CHARLEY E. SULLENGER.

No. 16,772.

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Note Executed by a Partner—Liability of Firm—Presumption*. Negotiable paper made in the name of one partner, when his name is not that of the firm, is *prima facie* the individual note of such partner and ordinarily not binding upon the partnership; but it is not conclusive of that fact, and, upon proof sufficient to warrant a finding that the money was borrowed on the credit of the firm and that the firm received the benefits, the note may be regarded as merely collateral, and the other partner will be held liable in an action to recover upon the original consideration.

2. EVIDENCE—*Hearsay*. Evidence that one who has loaned money to a copartnership had heard that one of the partners was financially responsible is not hearsay, where it is offered for the purpose of establishing the fact that he relied upon what he had heard.

Appeal from Greenwood district court. Opinion filed January 7, 1911. Modified.

*Gordon Badger,* and *Howard J. Hodgson,* for the appellant.

*S. C. Holcomb,* and *G. R. Stephenson,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: E. P. Riggle appeals from a judgment rendered against him for the amount of a promissory note. The case was tried to the court, and findings of fact were made from which it appears that Riggle and Charley E. Sullenger were partners as butchers, handling and selling meats of various kinds at Toronto, in Woodson county. The business of the firm was carried on under the name of Riggle & Sullenger. Riggle lived in Greenwood county. Sullenger lived at Toronto, and had the management and control of the business. On the 9th day of November, 1907, Sullenger went to the plaintiff and told him that the firm owed a number of bills and needed money, and borrowed from the plaintiff $60, giving a note for the amount signed by himself and wife and a chattel mortgage on personal property as security. In borrowing the money Sullenger was acting as the manager of the firm, and the plaintiff understood that he was loaning the money to Riggle & Sullenger. The proceeds were applied to the payment of indebtedness of the firm. Two days later Sullenger procured another loan of $75 from the plaintiff, under the same circumstances. A note for the amount was signed by Sullenger and wife, who gave as security another chattel mortgage. On the 4th day of December the partnership was dissolved, but the business was unsettled and the firm owed a number of debts. On the 9th day of December Sullenger borrowed $100 from the plaintiff, for the purpose of paying debts of the firm, and the first two notes were canceled and a new note was given for $235, the amount of the three loans. This note and a chattel mortgage on some horses were

Mills v. Riggle.

likewise signed by Sullenger and wife. At the time the several sums were loaned by the plaintiff he knew that Riggle & Sullenger were partners, that Sullenger was in the active control of the business, and he knew from reputation that Riggle was financially responsible. Whether he was aware at the time the last loan was made that the firm had dissolved does not appear.

This action was brought against both members of the firm for the amount of the note and to foreclose the chattel mortgage. There were averments in the petition that Riggle had converted the property to his own use. An answer was filed by Riggle denying under oath the existence of the partnership and any authority on the part of Sullenger to bind him by executing the notes. The court found that the property covered by the mortgage belonged individually to Riggle, and that Sullenger had no authority to mortgage the same, and therefore no judgment was rendered affecting the property; but the court gave judgment against both defendants for the amount due on the note, holding that the debt was a partnership one and that each member of the firm was liable therefor.

Among the errors assigned is the denial of a motion to require the plaintiff to set forth the nature of the authority of Sullenger to execute the note. This was rightly denied for two reasons: (1) The petition alleged that Sullenger was in the active management and control of the business of the firm; (2) the action is not brought alone upon the note, but to recover the money loaned to the firm. The fact of the partnership having been established, it was not necessary to show special authority of one partner to bind the firm by his contract. Partners are principals in every transaction of the firm, and any act done by one partner within the actual scope of the agency conferred upon him is binding upon the firm. The presumption always is

45—83 KAN.

that the partner was intended to have authority to bind the firm by all acts necessary to carry on the business in the usual way. (22 A. & E. Encycl. of L. 137.) A partner has actual authority to that extent. (*Lemon v. Fox*, 21 Kan. 152.) In trading and commercial partnerships it is a general principle that each partner is the lawful agent of the partnership in all matters within the scope of the business. (*Deitz v. Regnier*, 27 Kan. 94; *Horn v. Newton City Bank*, 32 Kan. 518, 522.)

It is claimed in the appellee's brief that the action was brought upon the authority of *Fair v. Bank*, 9 Kan. App. 779, and is not an action upon the note but one to recover the consideration thereof. We think the averments of the petition are broad enough to authorize a recovery upon the consideration of the note. The syllabus in the case relied upon (*Fair v. Bank*, supra) reads as follows:

"While negotiable paper made in the name of one partner, when his name is not also that of the firm, is not ordinarily binding upon the partnership, yet such paper, taken when the obligation was incurred by the partnership and upon its credit, will be regarded as merely collateral, and the other partner will be held liable upon the original consideration."

This court denied a petition to certify that case on appeal, and it stands as declaratory of the law. The doctrine upon which it rests seems to be firmly established by the great weight of authority. (*Hoeflinger v. Wells*, 47 Wis. 628; *Savings Bank v. Butler Estate*, 98 Mich. 381; *Beckwith v. Mace*, 140 Mich. 157; *Carter v. Mitchell, Ass'ee*, 94 Ky. 261; *Williams v. Donaghe's, ex'or*, 1 Rand. [Va.] 300; *Maffet v. Leuckel*, 93 Pa. St. 468; *Smith v. Collins*, 115 Mass. 388; *Folk & Smith v. Wilson*, 21 Md. 538; *Barcroft, Beaver & Co. et als. v. Snodgrass et als.*, 41 Tenn. 430; *Annis et al. v. Lowes*, 5 U. C. Q. B., o. s., 198; Story, Part., 7th ed., § 155; 4 A. & E. Encycl. of L. 180.)

Mills v. Riggle.

The rule is otherwise where it appears that the money was advanced on the personal credit of the individual partner. (*Farmers' Bk. of Mo. v. Bayliss et als.,* 41 Mo. 274.) The mere taking of such note or security from a single partner will not of itself discharge the firm's indebtedness. There must be either an agreement to such effect or facts sufficient to warrant the inference that the parties intended that the partnership debt should be discharged. (*Bonnell v. Chamberlin,* 26 Conn. 487; Eaton & Gilbert, Com. Paper, § 30; Parsons, Part., 4th ed., § 138.)

In order to render the partnership liable in case of an ordinary written contract it is not essential that the name of the firm or partnership be mentioned in the writing. In the recent case of *Marks v. Chumos,* 82 Kan. 562, one of two partners entered into a contract in writing for the lease of a building for the benefit of the firm, and although the contract was made only in the name of one and signed by him alone as lessee, the partners having entered into the leased property and occupied it for a time, it was held that the lease was the written contract of both partners.

Of course, the taking of the individual note of one partner would on its face show that the money was not loaned to the firm and that the sole credit was given to the individual; but it would not be conclusive of that fact, and, upon proof sufficient to warrant a finding that the money in fact was borrowed on the credit of the firm and that the firm received the consideration, the note will be held as merely collateral and the partnership will be liable in an action to recover the consideration.

Applying these well-recognized principles to the case at bar, the plaintiff was entitled to recover in this action as for money loaned the partnership. It is apparent, however, that the court actually rendered judgment against the appellant upon the $235 note, allowing interest from the date of the note at the rate

of ten per cent per annum, which was the rate provided for in the note. The plaintiff was only entitled to interest at the rate of six per cent on the amount borrowed. This slight error in the judgment can readily be corrected.

Since the note was only collateral, and the action can be maintained to recover the consideration, it is of no importance that the note was executed five days after the actual dissolution of the partnership. Although the firm had been dissolved and had ceased to do business, it was still a copartnership for the purpose of settling its debts. (22 A. & E. Encycl. of L. 177 and cases cited in note 3.) The court found on sufficient evidence that the proceeds of the note were used by the firm in payment of indebtedness of the copartnership, and every principle of justice requires that both partners be held liable for the money so borrowed and applied upon the debts of the firm.

It is claimed that the court erred in permitting the plaintiff to testify that at the time he made the loan he had heard that Riggle was financially responsible. It is insisted that this was hearsay. If the question had been asked in proof of the fact that Riggle was financially responsible the evidence would have been hearsay; but such was not the purpose of the question, which was to establish the fact that the plaintiff relied upon what he had heard as to the financial responsibility of Riggle. The fact to which the witness testified was original evidence, not hearsay. (*Kaufman v. Springer*, 38 Kan. 730; *Bank v. Hutchinson*, 62 Kan. 9.)

Since the evidence fully sustained the findings, the demurrer to the evidence was rightly overruled, as well as the motion to vacate certain of the findings. There was no error in refusing to compel the plaintiff to elect upon which cause of action he would rely, since only one action was stated, although it was for the recovery of a debt and the foreclosure of a chattel mortgage to secure it.

The judgment is modified and the court directed to enter judgment for the plaintiff for the amount of the note, together with six per cent interest.