No. 20,123.

THE EXCHANGE STATE BANK, *Appellant*, v. W. M. JACOBS et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Pleading a Conclusion of Law—Motion to Strike Out.* Pleadings being for the information of the court and the litigants and not for submission to the jury, it is not ordinarily reversible error to overrule a motion to strike out a defense which pleads a conclusion of law even though such pleading be an erroneous statement of law.

2. PARTNERSHIP NOTE — *Liability of Partners — Competent Evidence.* Where, in a defense to a partnership note, the testimony of a witness was offered which tended to show that the note in question was a mere renewal of the individual obligation of one of the partners, it was proper to cross-examine the witness with a view to developing these facts completely and precisely, and sustaining an objection to such cross-examination was erroneous and prejudicial.

3. SAME. In an action to recover on a note alleged to have been executed on behalf of a partnership, where evidence of a defendant partner was given to the effect that owing to the confused state of the partnership accounts the defendant and his partner "could not complete the partnership," when the partnership had in fact been formed and had been in effect for three months at the time to which the evidence referred, such evidence was incompetent and its admission tended to, confuse and mislead the jury as to the legal responsibility of the defendant as a partner.

4. PARTNERSHIP — *Implied Liability of Each Partner — Partnership Notes.* Proof of a trading partnership having been established, the authority of each partner to execute promissory notes in furtherance of the partnership business is implied by law, and it was incompetent

and prejudicial to permit a defendant partner to testify before the jury that he had not in fact authorized his partner to sign any notes for the partnership firm.

5. SAME — *Partnership Note — Trial — Evidence — Demurrer.* Although the lawful defenses of a partner sued on a partnership note are narrow and limited, yet a demurrer to the evidence in support of such a defense is properly overruled if the evidence contains but a modicum of probative value tending to show the nonliability of the defendant partner.

6. PARTNERSHIP NOTE — *Instructions as to Liability of Each Partner.* Where a trading partnership has been established by the facts and no notice of its discontinuance or dissolution has been given, a plaintiff is entitled to have a plain and simple instruction given to the jury declaring the liability of each partner on a partnership note issued in furtherance of the partnership business, notwithstanding that other instructions may properly have been given covering the lawful defenses pleaded by the defendant partner.

7. SAME—*Debt for Which Note Was Given.* In an action on a partnership note the right of the plaintiff holder to recover thereon is not affected by a question whether the proceeds of the note were in fact used for the benefit of the firm or its business.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed April 8, 1916. Reversed.

*Paul H. Kimball,* and *Webster W. Kimball,* both of Parsons, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action by the appellant bank against W. M. Jacobs and Adam Faust to recover on a note executed and signed by Adam Faust, Lula Faust, his wife, and "American Home Bakery," it being alleged that Jacobs and Faust were engaged in the bakery business as partners and that the consideration for which the note was given was for the use of the partnership and used for its benefit, and that the note was not the obligation of Faust and wife individually. The petition also alleged that the signature, "American Home Bakery," was written by Adam Faust and that Jacobs had ratified it.

The note was dated November 21, 1913. On December 16, 1912, Faust and Jacobs made a written agreement to form a

partnership to operate a bakery under the firm name of "Adam Faust & the American New Home Bakery," in which it was provided that after certain allowances were made to Jacobs for moneys contributed, each was to share the profits and losses equally.

Jacobs' answer alleged that, pursuant to the partnership agreement, he furnished Faust at different times the sums of $1000, $300 and $300 respectively; that at the time of the partnership agreement Faust informed him that he had outstanding indebtedness in the sum of $1000 and not more; that about March 15, 1913, Jacobs examined the books and accounts and found that Faust's indebtedness was much greater than Faust had represented to him, and that the books had not been correctly kept, and that Jacobs could not ascertain the condition of the business; and on this date, March 15, 1913, he and Faust entered into an oral agreement that they should not enter into the partnership and that Faust should pay Jacobs eight per cent interest on the moneys advanced by Jacobs; and that afterwards Jacobs advanced and loaned to Faust further sums, to wit: $400 on March 20, 1915, and $300 on November 19, 1913.

Defendant Jacobs also pleaded certain transactions between the plaintiff bank and Faust, beginning with Faust's note discounted on February 6, 1913, and concluding with the note in controversy which was alleged to be a renewal of earlier individual notes of Adam Faust and wife and not acquired on defendant's credit as a partner.

It was neither pleaded nor proved that any notice of the dissolution or abandonment of the partnership was given publicly or otherwise brought to the knowledge of the plaintiff. The verdict and judgment were in favor of defendant and the bank appeals. The errors assigned will be examined in the order presented.

1. Plaintiff moved to strike out the third defense, which was an allegation that Faust had no authority to sign partnership notes for Jacobs. This motion was overruled. Of course, if Jacobs and Faust were partners, Faust did have authority to execute partnership notes in furtherance of the partnership business. (*Mills v. Riggle,* 83 Kan. 703, 705, 112 Pac. 617; 30 Cyc. 479; 9 M. A. L. 355.) But since the pleadings are for

the. information of the court and the litigants, and not for the consideration of the jury, no error in the final result can clearly be traced to this assignment.   (Civ. Code, § 581; 31. Cyc. 642, 643.)

2. The defendant called the bank cashier as a witness to prove that the note in controversy was but a renewal of earlier individual obligations of Faust, and over plaintiff's objection testified concerning earlier notes, discounts and renewals between Faust and the bank.   On cross-examination by the plaintiff, this question was asked:

"Q. Referring to the note for $500, which renewal is shown to you, dated in February, 1913, do you recall the circumstances of the discounting of that note by your bank?

"Defendant objects as not proper cross-examination.

"Objection sustained.   Plaintiff excepts."

This referred to a note for $500 dated February 10, 1913, payable to the bank's order due in ninety days, and signed by Adam Faust.   Since the purpose of the testimony developed by defendant was an attempt to trace the note sued on back through renewals to the individual obligation and not the partnership obligation of Faust, we can not understand the court's ruling.   The objection in the record was not good, and the question was pertinent and germane to the subject matter of the direct examination of the witness, and couched in language similar to the questions which had been permitted to be asked by defendant.   This error alone, however, might not warrant a reversal of this cause for it does not appear that the evidence excluded was brought forward as required by the code on the motion for a new trial.   (*Scott v. King,* 96 Kan. 561, 152 Pac. 653.)

3. Objection is also made to the testimony of Jacobs, the purpose of which was an effort to show that he had in fact no partnership with Faust, notwithstanding the written contract of partnership executed by Faust and Jacobs on December 16, 1912.

The abstract reads:

Jacobs [testifying as to his oral agreement with Faust, about March 15, 1913, to forego the partnership] :

"A. I told him it was utterly impossible to see in what condition the business was by reason of him having used these receipts for paying

bills contracted before December 16th, and I asked him to get the bills together to check them over and see what it was. He agreed to do this and told me to come down in about a week and he would think over that. The following Sunday I went down there and he said he wasn't able to do it. And I went down a week later on and he told me it was impossible; he could not straighten it out and could not distinguish what the debts were after the 16th of December. I told him he could pay me 8% interest on the money I loaned him and said I would continue to help him along and he could pay me interest on any additional money I put in.

"Plaintiff moves the court to strike out the answer of the witness.

"Motion overruled. Plaintiff excepts.

"Q. Was anything said in any of these conversations about the partnership?

"Plaintiff objects as incompetent, irrelevant and immaterial.

"Objection overruled. Plaintiff excepts.

"A. We could not complete the partnership.

"By the Court: He did not ask you what you could do. He asked you if there was any conversation concerning it.

"Q. That is what we want.

"Same objection by plaintiff as to previous question.

"Same ruling by the court.

"A. Yes, sir; I told him it was utterly impossible to complete the partnership and that we would continue by him paying me 8% interest, and he agreed to that. He said that was all right."

We think these rulings were erroneous. Faust and Jacobs were partners, and no equivocation of testimony could alter their status as such. If the note sued on was traceable to an original indebtedness of Faust unconnected with the partnership, or if the credit was not extended on the partnership's account, or if the bank had notice that Jacobs had retired from the partnership before the note was delivered, Jacobs is not liable. But the evidence of Jacobs that he and Faust "could not complete the partnership," three months after the partnership was in fact completed, after it was in fact effected and effective, was incompetent and prejudicial.

There was some more of this line of testimony:

"Q. Did you ever authorize Faust to sign any notes of the firm?

"Plaintiff objects as incompetent, irrelevant and immaterial.

"Objection overruled. Plaintiff excepts.

"A. No, sir.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Q. When was the first time that you learned that Faust had signed these notes at the Exchange State Bank?

"Same objection by plaintiff.

"Same ruling by the court.

Bank v. Jacobs.

"A. I think it was along toward July; it was way late, sometime after we had agreed not to complete that partnership.

"That was in the year 1913."

Such testimony could hardly fail to lead the jury astray. The existence of a contract of partnership, or the fact of partnership, is for the determination of the jury, but the legal consequences of a partnership, and the right of one partner to bind the firm, with or without the literal sanction of the other, is a matter of positive law, and Jacobs could not be relieved of his liabilities as a partner no matter what response he did make or might make to such questions.

Jacobs also testified, over objection, as to the confused state of the partnership accounts. We fail to see how that affected this lawsuit, or how it could assist the court and jury in determining the liability of Jacobs.

4. There was no error in overruling the demurrer to defendant's evidence. Jacobs' defense stood on narrow grounds, but the evidence offered in its support was not subject to a demurrer. Its probative weight was for the consideration of the jury. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

5. Error is also assigned on the instructions given and refused. While on the whole the instructions fairly covered the law of the case, it would have been better if a simple positive instruction had been given touching the liability of Faust and Jacobs as partners for any partnership obligation during the existence of the partnership, and also the liability of Jacobs after the dissolution, if there was a dissolution, until the bank had notice of it. (30 Cyc. 675, 677; 9 M. A. L. 350.) We note also that in instruction No. 22 it is said:

"You are instructed that if you find and believe from the evidence herein that at the time of signing the note, it was the intention of Adam Faust to sign the correct name of the firm thereto, and by oversight, inadvertence or mistake, signed The American Home Bakery, instead of the real name of the firm, and that the funds received therefrom were used for the benefit of the firm in its business, then and in that event the partnership and each member thereof would be liable." etc.

The *intention* of Faust should not govern the liability or nonliability of the partnership. It would be impossible for the plaintiff to prove Faust's intention. Again, suppose the funds were loaned on the credit of the partnership, would it relieve Jacobs if the funds were *not* used for the benefit of the partner-

ship? We think not. If the credit was extended by the bank on the partnership account, each partner would be liable no matter what Faust actually did with the funds.

The other errors need not be considered.

The judgment of the district court is reversed and the cause is remanded for a new trial.