.No. 33,109

JOHN W. CORR, JOHN B. BRYANT, .E. O. BOGGS, J. ARCH BUTTS, ERNEST A. DROLLINGER, WILLIAM R. PIPER, W. L. HARTMAN, CLAUDE R. LAMBE, PAULINE M. LAMBE, GEORGE LAVENDER, O. O. LAVENDER, CHARLES B. MOORE, Executor, and THE SYNDICATE OIL CORPORATION, *Appellees*, v. THE CONTINENTAL OIL COMPANY and THE GYPSY OIL COMPANY, *Appellants.*

(75 P. 2d 212)

Opinion on rehearing filed January 29, 1938.
(For original opinion of reversal see 145 Kan. 78.)

*Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Sidney J. Brick* and *Lawrence Curfman,* all of Wichita, for the appellants; *William H. Zwick, A. L. Hull,* both of Ponca City, Okla., and *Russell G. Lowe,* of Tulsa, Okla., of counsel.

*Austin M. Cowan* and *H. F. Hudson,* both of Wichita, for the appellees.

*R. O. Mason,* of McPherson, *W. L. Cunningham, D. Arthur Walker, William E. Cunningham, Albert Faulconer, Kirke W. Dale, C. L. Swarts,* all of Arkansas City, *George W. Cunningham* and *W. D. Simms,* both of Tulsa, Okla., as *amici curiae.*

The opinion of the court was delivered by

SMITH, J.: This case is here on rehearing. (See *Corr v. Continental Oil Co.,* 145 Kan. 78, 64 P. 2d 30.) In that opinion we held

that the demurrer of defendants to the evidence of plaintiffs should have been sustained on the ground that plaintiffs had not established by substantial, competent evidence that drainage had occurred. A petition for a rehearing was filed in due time. It was argued vigorously that this court had laid down too strict a rule as to the proof required to establish a prima facie cause of action in cases of this type. Briefs were filed by all parties and by various friends of the court. A rehearing was allowed and the appeal has been reargued.

Defendants presented three contentions on appeal: first, that defendants could not be held liable in damages for the alleged drainage by reason of failure to drill wells, because under the express terms of the lease the payment of the delay rentals and the acceptance of them by plaintiffs permitted the postponement of drilling operations, and no demand of any kind had been made upon defendants by plaintiffs to protect against drainage; second, plaintiffs proved no cause of action after the period when a producing well was brought in on the Lambe lease for the reason that no demand was ever made for the drilling of a protection well or surrender of the lease; third, that no competent evidence was submitted by the plaintiffs that there had been drainage or that these plaintiffs had been damaged because the evidence that was submitted was based on no facts, was entirely conjectural, and too remote and speculative to afford any proper measure of damages.

In the former consideration of this case we did not deal with the first two questions, but placed our decision on the third question. On that question we said:

"We have examined the record in this case and have reached the conclusion that the plaintiffs did not sustain their burden by proving that there was oil under the 'Lambe 80' when drilling in the Valley Center field first started or that oil was drained from under the 'Lambe 80' through wells operated by defendants. The evidence relied on to prove these issues was so speculative as to amount to but little more than guesswork. It follows that the judgment of the trial court overruling the demurrer of defendants to the evidence was erroneous." (p. 85.)

Judgment was ordered for defendants.

The argument of those who sought a rehearing was that our original opinion required a plaintiff in this sort of a case to establish the porosity and permeability of the oil-bearing strata and the hydrostatic head as well as the gas pressure in the field in order to establish drainage sufficiently to require a submission of the case to a jury. We did not intend that such a construction as this should

be given our opinion. The above circumstances, as well as many others, are proper to be considered.

Many basic facts were not disputed at the trial, such as the dates of the drilling of the various wells in the field, the production of each of them as well as the fluctuation in production, their location in the field as well as their distance from the "Lambe 80," the movement of salt water in the field and the general geological structure. The dispute is as to the inferences to be drawn from these undisputed facts. In this connection it should be noted now that this case is here on appeal from an order overruling a demurrer to the evidence. The rule has been stated in many different ways, but it may be said that on a demurrer to the evidence of plaintiff every reasonable inference to be drawn from the evidence should be indulged in favor of the allegations of the petition, or, on demurrer the strongest possible effect is given to evidence against party demurring (*Russell v. Considine,* 101 Kan. 631, 168 Pac. 1095), or the demurrer should be overruled where there was a modicum of probative proof (*Bank v. Jacobs,* 97 Kan. 798, 156 Pac. 771).

We have again examined the record in this case upon the question of whether the evidence offered by plaintiffs met the requirement of the above rule. In doing this we have given consideration to all the above circumstances as well as the known experience in the field. After such a consideration we have reached a conclusion that the evidence offered by plaintiffs is so speculative and remote as not to warrant the submission of the issue of drainage to a jury. In reaching this conclusion we have considered evidence offered by defendants which tended to supply certain elements of proof that were lacking in the plaintiffs' case as well as that offered by plaintiffs.

We have examined the authorities relied on by plaintiffs but have found none involving oil drainage where the wells through which the drainage was claimed to have taken place were located as far from the land claimed to have been drained as were the wells in this case.

The judgment of reversal is adhered to.

HUTCHISON, J., not sitting.