### SMITH v. STOCK YARDS LOAN Co. et al.

*96 P. 2d 55.*

No. 27989.  July 11, 1939.

Rehearing Denied Nov. 7, 1939.

Application for Leave to File Second Petition for Rehearing Denied Dec. 5, 1939.

H. P. White, R. A. Barney, Charles Hill Johns, and Harold Thweatt, for plaintiff in error.

McCune, Caldwell & Downing and Hamilton & Kane, for defendants in error.

OSBORN, J.  This action was instituted in the district court of Osage county by Stock Yards Loan Company, hereinafter referred to as plaintiff, against Alfred A. Drummond and George W. Smith, hereinafter referred to as defendants, for the purpose of foreclosing a real estate mortgage executed by Drummond to plaintiff to secure promissory notes in a sum in excess of $100,000 likewise executed by defendant Drummond. George W. Smith was made a party defendant on the ground that certain property was conveyed to him by defendant Drummond which he held in trust. It was sought to subject said property to the satisfaction of the indebtedness of plaintiff. It was also alleged that there was a partnership relation between defendants Drummond and Smith and that the proceeds of the various loans by plaintiff to Drummond were used for partnership purposes and that Smith thereby became liable for payment of a portion of said indebtedness. At the conclusion of the trial, the trial court rendered judgment in favor of plaintiff on the promissory notes and ordered a foreclosure of the mortgage. It was likewise found that defendant Smith was liable to plaintiff for a portion of the indebtedness. From said finding and judgment, defendant Smith has appealed to this court.

The action for foreclosure was No. 16096 in the district court of Osage county and was consolidated, over the ob-

jection of the defendant Smith, with cause No. 15981, which was an action by defendant Drummond against defendant Smith wherein Drummond alleged the existence of an oral limited partnership between himself and Smith and alleged that in the course of numerous transactions certain real and personal property was acquired by the partnership and that title to said property was taken in the name of Smith and that he held the same in trust for the partnership. In cause No. 15981 Drummond sought a dissolution of the partnership and an accounting.

The consolidated cause was tried in the district court of Osage county. It is stated in the briefs that the trial of the case consumed approximately four weeks' time. At the conclusion thereof the issues between Drummond and Smith were determined in favor of Smith, resulting in an appeal by Drummond to this court. On April 4, 1939, the judgment of the trial court was reversed and the cause remanded with directions to proceed to an accounting. Drummond v. Smith, 185 Okla. 613, 96 P. 2d 42. The trial court further found that the promissory notes involved herein were past due and unpaid and ordered the foreclosure of the real estate mortgage hereinabove referred to. It was likewise found that defendants Smith and Drummond were jointly and severally liable to plaintiff in the sum of $31,533.45, and the court rendered joint and several judgment against said defendants in said amount for the reason that said amount of the funds borrowed from plaintiff were used in a partnership venture.

Among other contentions appellant, Smith, urges that the trial court erred in refusing his demand for a jury trial. This issue is determinable by the pleadings, therefore it will be necessary to state the substance of the pleadings.

Plaintiff alleged the execution of various promissory notes to it my defendant Drummond and as security therefor a mortgage upon 6,400 acres of land; that the notes were past due and unpaid and that it was entitled to foreclosure of its mortgage. It was further alleged that the value of the mortgaged premises, to wit, the sum of $52,000, is substantially less than the amount of the indebtedness, leaving approximately the sum of $69,655.17 which plaintiff will be unable to collect, since defendant Drummond has no other property subject to execution and sale; that at the time the indebtedness was incurred defendant Drummond owned a large amount of real estate in Osage county other than that described in the mortgage and a large amount of cattle, horses, mules, machinery, equipment, and other personal property; that subsequent to the execution of the mortgage defendant Drummond conveyed to defendant Smith about 3,847 acres of land, over 2,000 head of grown cattle, and other personal property; that said conveyances and transfers were not bona fide transactions for value, but were made for the purpose of enabling defendant Smith to obtain credit and borrow money for the use of defendant Drummond or for the copartnership of Drummond and Smith; that approximately $100,000 worth of copartnership property was held by defendant Smith; that no accounting had been had between said parties, and that Smith was indebted to Drummond in a sum in excess of $100,000; that a substantial part of the indebtedness incurred by defendant Drummond to plaintiff was incurred for the use and benefit of the copartnership and inured to the benefit of defendant Smith; that an accounting of said copartnership should be ordered and the amount due plaintiff should be ascertained and determined; that the amount of property owned by Drummond and standing in the name of Smith be determined and thereby subjected to the payment of partnership debts.

Defendant Smith filed a separate answer in which he denied that a copartnership existed between himself and Drummond; denied that he held copartnership property in his own name, but alleged that said property was his own and was transferred to him in settle-

ment of a debt owed to him by Drummond; that he is not indebted to Drummond in any sum and is not liable for any portion of the mortgage indebtedness due plaintiff. That portion of the judgment from which defendant Smith has appealed is as follows:

"With reference to the judgment and findings heretofore entered concerning the Stock Yards Loan Company, the court finds that Alfred A. Drummond and George W. Smith, upon various dates, borrowed from the Stock Yards Loan Company the sum of $76,766.70 for the purpose of purchasing 428 head of Circle Dot cattle, 70 head of Corder heifers, 912 head of Jones steers and 403 head of Mahon steers, and for the purpose of paying the pasture bill on 403 head of Mahon steers. The court further finds that upon said indebtedness there has been repaid the total sum of $57,235.07, leaving a balance due on December 31, 1935, of $19,531.63, upon which there was due at said time interest in the total sum of $10,664.82; and the court further finds that the balance in the sum of $19,531.63 as principal should continue to draw interest at the rate of seven per cent. per annum until paid. The court further finds that inasmuch as the loans referred to in this finding were made by the Stock Yards Loan Company for the benefit of George W. Smith and A. A. Drummond with the knowledge and consent of said George W. Smith, that said George W. Smith is liable for the repayment of said sum; and the judgment heretofore entered on the 20th day of April, 1936, is modified to the extent of rendering a judgment against George W. Smith and A. A. Drummond in accordance with the finding herein. The court further holds that since said judgment of April 20, 1936, is modified in accordance with the above finding, that George W. Smith would be and is entitled to his statutory time for filing motion for new trial with reference thereto.

"The court further finds that there are no assets now standing in the names of said defendants jointly and subject to execution.

"It is, therefore, ordered, adjudged and decreed by the court that the judgment of this court made and entered on the 20th day of April, 1936, be, and the same is, hereby modified, and it is ordered and adjudged by the court that the plaintiff, Stock Yards Loan Company, do have and recover of and from the defendants Alfred A. Drummond and George W. Smith jointly and severally, the sum of $31,533.45, with interest upon the sum of $19,531.63 from this date at the rate of seven per cent. (7 per cent.) per annum, and the sum of $1,953.16 attorney's fees, and all costs of this action, and that execution issue therefor. It is provided, however, that the amount recoverable from the defendant, George W. Smith, shall not exceed the amounts set forth in this paragraph, and the amount recoverable against both defendants Alfred A. Drummond and George W. Smith, shall not exceed the sum of $122,038.09, and interest and $8,430 as attorney's fees, and all costs as set forth in the judgment of April 20, 1936."

Section 350, O. S. 1931 (12 Okla. Stat. Ann. § 556), provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or reference be ordered, as hereinafter provided."

Section 351, O. S. 1931 (12 Okla. Stat. Ann. § 557), provides:

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this Code."

Defendant Smith argues that in so far as he is concerned, this is an action for recovery of money and to determine whether or not there was a partnership between himself and defendant Drummond; that it is the rule in this jurisdiction that the existence of a partnership, where the facts are in dispute, presents a question for a jury, citing Jones v. Nelson, 156 Okla. 236, 10 P. 2d 408; Moning Dry Goods Co. v. Wiseman, 60 Okla. 94, 159 P. 259; Harman v. Nat. Supply Co., 65 Okla. 259, 166 P. 80; Cobb v. Martin, 32 Okla. 588, 123 P. 422.

As we conceive it, the question of whether or not a partnership existed be-

tween the two defendants is not the primary issue raised by the pleadings. Plaintiff alleges that defendant Smith held a large amount of property in trust for the partnership. It is sought to establish such trust in order that said property might become available for the payment of the indebtedness to plaintiff evidenced by promissory notes. In addition, it is sought to establish the fact that defendant Smith was an actual beneficiary of a portion of the money loaned by plaintiff to defendant Drummond, and having received the benefit thereof, he should, in equity, be compelled to account for whatever portion of the funds inured to his benefit. In seeking the establishment of the trust and in compelling an accounting between the defendants Smith and Drummond, it was anticipated by plaintiff that certain real and personal property would become subjected to execution and sale, thereby facilitating the collection of the judgment against Drummond upon the promissory notes.

In Sipe v. Taylor, 133 Kan. 449, 300 P. 1076, it was held:

"Where an action is founded on facts which constitute the creation of a resulting trust in real estate and also are a good ground for an accounting, the action is an equitable one and the plaintiff is not entitled to a jury trial, even though the petition prays for a money judgment only."

In the case of Moschos v. Bayless et al., 126 Okla. 25, 258 P. 263, it was held:

"Where in an action the paramount issue as formed by the pleadings is one of equitable cognizance and there exist certain issues of fact arising out of a demand for the recovery of money which are incidental to and dependent upon the equitable issue, said action is an equitable action."

Since it appears that the gravamen of the plaintiff's action was for the establishment of a trust in property claimed by him individually and for an accounting and other issues raised by the pleadings are incidental, we hold that the trial court did not err in denying defendant Smith's request for a jury trial.

Defendant Smith also contends that the trial court erred in consolidating this cause with cause No. 15981, Drummond v. Smith. The authority to consolidate cases is granted by sections 257 and 258, O. S. 1931 (12 Okla. Stat. Ann. §§ 79 and 80), but the statutes do not provide conditions under which such consolidation may be had nor procedure therefor. A wide discretion should be allowed in the consolidation of actions, the purpose of said consolidation being to simplify the trial court's work as far as possible. Exchange Trust Co. v. Palmer, 163 Okla. 33, 20 P. 2d 897; Metropolitan Cas. Ins. Co. v. Producers' Nat. Bank, 167 Okla. 428, 30 P. 2d 174. The consolidation of actions is not, in the absence of statute, a matter of right, but rests in the sound discretion of the court; and its discretion will not be interfered with unless abused. 1 Am. Jur. p. 477, para. 93.

We have heretofore stated in a general way the issues involved in the two actions. It is clear that the consolidation thereof greatly simplified the work of the trial court and resulted in a saving in expense and a more speedy determination of the actions, and resulted in no prejudice to defendant Smith. There was no abuse of discretion on the part of the trial court in ordering such consolidation.

It is next urged that, since the loans were made by plaintiff to defendant Drummond on his individual responsibility and his own security, the trial court erred in holding that the same constituted partnership obligations and in rendering a joint and several judgment against defendants Smith and Drummond for that portion of the money which had been devoted to partnership use. The general rule is that a firm is not liable on a loan made to one partner only and solely on his credit even though he uses the money for the copartnership. Miller v. White (Tex. Civ. App.) 112 S. W. 2d 487; Queen City Pet. Prod. Co. v. Norwood-Hyde Park B. & T. Co., 49 Ohio, 397, 197 N. E. 357; Farmers' Bank v. Bayliss, 41 Mo. 275, annotation 9 L.R.A. (N. S.) 71; 47 C. J. page 872, para. 345.

In the instant case it is noted that the trial court found "that A. A. Drummond and George W. Smith borrowed from the Stock Yards Loan Company the sum of. * * *" It was further found that "the loans referred to in this finding were made by the Stock Yards Loan Company for the benefit of George W. Smith and A. A. Drummond with the knowledge and consent of said George W. Smith." While the record discloses that only the name of A. A. Drummond was signed to the promissory notes and mortgage, the finding of the court to the effect that both defendants borrowed a portion of the funds is equivalent to a finding that Drummond signed the instruments in his individual capacity, and in so far as the portion of the proceeds of the loans were devoted to a partnership use, Drummond likewise signed for and in behalf of defendant Smith, as agent of the copartnership, resulting in an extension of credit to the copartnership. The finding that the funds were procured for the benefit of Smith and with his knowledge and consent is tantamount to a finding that he authorized the procurement of the funds for the use of the copartnership.

In the case of Mills v. Riggle, 83 Kan. 703, 112 P. 617, Ann. Cas. 1912 A, 616, it was said:

"Partners are principals in every transaction of the firm, and any act done by one partner within the actual scope of the agency conferred upon him is binding upon the firm. The presumption always is that the partner was intended to have authority to bind the firm by all acts necessary to carry on the business in the usual way. 22 A. & E. Enc. of L. 137. A partner has actual authority to that extent. Lemon v. Fox, 21 Kan. 152. In trading and commercial partnerships, it is a general principle that each partner is the lawful agent of the partnership in all matters within the scope of the business. Deitz v. Regnier, 27 Kan. 94; Horn v. Newton City Bank, 32 Kan. 518, 522, 4 P. 1022.

"It is claimed in the appellee's brief that the action was brought upon the authority of Fair v. Bank, 9 Kan. App. 779, 59 P. 43, and is not an action upon the note, but one to recover the consideration thereof. We think the averments of the petition are broad enough to authorize a recovery upon the consideration of the note. The syllabus in the case relied upon (Fair v. Bank, supra) reads as follows: 'While negotiable paper made in the name of one partner, when his name is not also that of the firm, is not ordinarily binding upon the partnership, yet such paper taken when the obligation was incurred by the partnership and upon its credit, will be regarded as merely collateral, and the other partner will be held liable upon the original consideration.' This court denied a petition to certify that case on appeal, and it stands as declaratory of the law. The doctrine upon which it rests seems to be firmly established by the great weight of authority. Hoeflinger v. Wells, 47 Wis. 628, 3 N. W. 589; Savings Bank v. Butler Estate, 98 Mich. 381, 57 N. W. 253; Beckwith v. Mace, 140 Mich. 157, 103 N. W. 559; Carter v. Mitchell, Assignee, 94 Ky. 261, 22 S. W. 83; Williams v. Donaghe's Ex'r, 1 Rand. (Va.) 300; Maffett v. Leuckel, 93 Pa. 468; Smith v. Collins, 115 Mass. 388; Folk & Smith v. Wilson, 21 Md. 538, 83 Am. Dec. 599; Barcroft, Beaver & Co. et al. v. Snodgrass et al., 1 Cold. (Tenn.) 430; Annis et al. v. Lowes, 5 U. C. Q. B. R. (O. S.) 198; Story on Partnership, para. 155; 4 A. & E. Enc. 180."

In the case of First National Bank of Dixon v. Spangler et al. (Cal. App.) 192 P. 874, it was said:

"* * * The fact that the notes were signed, not in the name of the firm but of N. R. Spangler individually, while a circumstance to be considered in determining the intention of the parties, does not relieve the partnership of liability if said Spangler had authority to bind the firm and the note was executed with such intent and was so accepted and credit extended thereto. Miller v. McCord (Tex. Civ. App.) 159 S. W. 159; Mills v. Riggle, 83 Kan. 703, 112 P. 617, Ann. Cas. 1912 A, 616."

In the case of Amunategui v. Spokane Cattle Loan Co. (Idaho) 214 P. 211, it was held:

"Where the proceeds of notes executed by one partner, in favor of a bank, bearing only his name without the firm name, were deposited to the partnership check-

ing account, checked out by partnership checks, treated by the bank and the individual partners as partnership funds, the partnership receiving the benefits therefrom, and the notes being charged to the partnership account by the bank, such notes became an obligation of the partnership, and it was liable thereon."

See, also, Jacks v. Greenhaw (Ark.) 152 S. W. 160; Merchants & Farmers Bank v. Johnston, 130 Ga. 661, 61 S. E. 543; 17 L. R. A. (N. S.) 969, and annotation; Jacobs v. Monahan (Colo.) 230 P. 596.

In addition to the above, there are other grounds on which liability of Smith might be sustained. In Lindley on Partnership (2d Ed.) p. 451, it is said:

"Where, however, money borrowed by one partner in the name of the firm, but without the authority of his copartner, has been applied in paying off debts of the firm, the lender is entitled in equity to repayment by the firm of the amount which he can show to have been so applied; and the same rule extends to money bona fide borrowed and applied for any other legitimate purpose of the firm. (y) This doctrine is founded partly on the right of the lender to stand in equity in the place of those creditors of the firm whose claims have been paid off by his money, and partly on the right of the borrowing partner to be indemnified by the firm against liabilities bona fide incurred by him for the legitimate purpose of relieving the firm from its debts or of carrying on its business. (z) The equitable doctrine in question is limited in its application to cases falling under one or other of the principles above indicated."

In view of the findings of the trial court, which are amply sustained by the evidence, there was no error in rendering judgment against Smith and Drummond jointly for the portion of the funds borrowed and devoted to the partnership purposes.

Other assignments of error relate to the application of the funds derived from the sale of the mortgaged property. In view of the findings of this court in cause No. 27967, Drummond v. Smith,

supra, it is unnecessary to determine this issue.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and CORN and DAVISON, JJ., dissent.